DORÉ, Judge.
This is a workmen’s compensation suit wherein the plaintiff alleges that he was accidently injured on August 26, 1948 in the course of his employment by Cities Service Refining Corporation at its But-adiene Plant and that on February 7, 1950 in the course of his employment by the said Cities Service Refining Corporation, at its Basic Plant, he again sustained an accident causing an aggravation of his former injury or a new injury, causing total and permanent disability for which he is entitled to workmen’s compensation at the rate of $30 per week for a period not to exceed 400 weeks. The suit is brought against his employer and his employer’s insurer.
The defense is to the effect that the accident sustained by plaintiff on August 26, 1948 resulted in a minor disability from which plaintiff recovered some three weeks thereafter and, moreover, that any cause of' action for that disability caused by that particular accident was prescribed at the time of filing this suit and that the plaintiff did not sustain any accident on February 7, 1950 as alleged and did not sustain any other accident subsequent to August 26, 1948.
After trial of the case the lower court rendered judgment in favor of the defendants and against the plaintiff rejecting plaintiff’s demands. The plaintiff has appealed.
As brought out by the trial judge in his reasons for judgment, the evidence shows that the plaintiff has a congenital condition known as spondylolisthesis, which apparently means a congenitally weak back, which has existed since his early childhood and which condition is such that a sudden twisting, turning or straining of the back will result in pain. It appears from the medical evidence that the plaintiff is now suffering from a painful condition in his lower back in the region of the fifth lumbar vertebra, which makes it difficult, if not impossible, for him to engage in hard manual labor such as he was doing in the capacity of machinist helper for the defendant corporation.
The main question involved in the case is whether or not the plaintiff’s present condition can be connected with any accident sustained in the course and scope of his employment, and secondly, if so, has this suit been timely brought?
The evidence in the case shows that the plaintiff did suffer injury, apparently of a minor nature, on August 26, 19'48, when in the act of coming out of a manhole he ac-cidently twisted his back and hip. At that time he reported the injury immediately, and was given medical attention by the company doctor and placed on light work for a period of approximately three weeks. He was then released for his regular duties and there is no showing that he ever again complained of pain in his back or of any disability therein, until about February or March, 1950. The evidence further shows that on or about January 30, 1950 he reported to the company first aid station suffering from nausea and vomiting and *467 that he was thereupon put on sick leave and thereafter remained on sick leave for several weeks and never .reported back to work. He testifies that he sustained an accident on February 7, 1950 while he was breaking out a catalyst line; that while doing this, dust flew in his face and that he turned suddenly to avoid the dust; that he suffered pain immediately and reported to the first aid station. This alleged accident appears to be the incident of January 30, 1950 when the plaintiff became ill from nausea and vomiting, because subsequent to that incident there is no record or testimony that plaintiff performed any work. At that time when plaintiff reported to the company first aid station, he was seen by the company nurse. He did not then make any complaint except that he was suffering from nausea and vomiting and the company nurse testified that an examination at that time was made to determine whether or not there were noxious fumes which could have caused his condition at his placed of employment and that none were found. No accident report of any kind was made for the reason that plaintiff was merely considered sick without attributing any cause for his sickness. As stated by the trial judge, his own witnesses, including the foreman who is his second cousin, do not corroborate him as to the occurrence of any accident whatsoever. In fact, their testimony is rather positive t'o the effect that the plaintiff did not sustain any accident. The plaintiff did not complain that his back was injured for a period of several days after he was on sick leave, and when he did finally complain1’ of pain in his back it seems apparent from the evidence that he attributed the condition of his back to his accidental injury of August 26, 1948 and not to any alleged new accident. We are constrained to agree with the trial judge that his uncorroborated testimony that he did sustain an accident on or about February 7, 1950, is insufficient to establish such accident to a legal certainty. It is true that in view of the nature of his back, as shown by the medical evidence, he could have sustained the alleged back injury by a sudden twist such as he claims he experienced, but the fact remains that such a sudden twist could have occurred away from his employment as well as in the course of his employment. If it did occur in the course of his employment, it seems inconceivable that he would have failed to report it at that time in the same manner that he reported his minor accident of August 26, 1948.
It is our opinion, in view of the plaintiff’s total failure of proving any accident subsequent to that of August 26, 1948,'that his rights to compensation stand or fall on the accident of August 26, 1948. Of course, if the injury sustained on August 26, 1948 was a continuous one, then it is clear that his rights to claim compensation therefor prescribed at the end of one year. See Hannafin v. Pelican Cracker Factory, Inc., La.App., 185 So. 479. Richard v. Blair, La.App., 20 So.2d 577; Stephenson v. McCook Bros. Funeral Home, Inc., La.App., 27 So.2d 644; Perkins v. American Employers Insurance Co., La.App., 53 So.2d 462; Chauvin v. St. Mary Iron Works, La.App., 55 So.2d 617.
On the other hand, if it can be concluded from the evidence that the true injury caused by the accident of August 26, 1948 did not manifest itself until February, 1950, the suit would then be controlled by the peremption of two years and the suit would therefore be timely filed. See Mottet v. Libbey-Owens-Ford Glass Co., 1952, 220 La. 653, 57 So.2d 218.
The preponderance of the evidence, however, is to the effect that the plaintiff sustained a minor back strain on August 26, 1948; that he was- assigned to light duty at that time for some three weeks and that he then assumed his regular duties without any complaint whatsoever and continued in his regular duties for some seventeen months thereafter. In view of that evidence it cannot be logically concluded that his present condition is due to that accident in the absence of proof of aggravation of his former injury by his alleged subsequent accident, which the plaintiff, as stated before, has failed to produce. From the evidence, it is reasonable to conclude that plaintiff’s present condition, whatever it may be, is attributable to a congenitally weak back and not to any accidental injury *468 sustained in the course and scope of his employment.
The judgment below is therefore affirmed.