HAMITER, Justice.
 

 Invoking the specific injury provisions of the Louisiana Employer’s Liability law, plaintiff, Johnnie Arnold, prayed in this suit for a compensation award against his employer, The Solvay Process Company, of $16.90 per week for a period of one hundred weeks. Allegedly, he sustained the loss of the sight of his right eye while performing the duties of his employment.
 

 To the allegations of the petition, in bar of plaintiff’s claim, defendant tendered pleas of prescription and peremption of one and two years.
 

 The trial court sustained the two year plea and dismissed the suit.
 

 On plaintiff’s appeal to the Court of Appeal, the judgment of dismissal was affirmed, that court observing in concluding its written opinion that, “It is obvious that whether the prescription of one year or
 
 *11
 
 that of two years is to be applied in this case, the claim of plaintiff is prescribed.”
 

 The cause is before us for review on a writ of certiorari granted primarily because plaintiff, in his application, directed attention to a seemingly existing confusion in the jurisprudence of this state respecting prescription and peremption in compensation cases.
 

 Recently, Johnnie Arnold departed this life leaving a widow and several minor children ; and, through an appropriate petition, his widow, individually and as natural tutrix for the minors, was substituted as party plaintiff in the cause.
 

 In their brief, plaintiff’s counsel correctly comment:
 

 “For the purpose of considering the exception of prescription or peremption the allegations of the petition must be taken as true, and taken as true, we have a situation of an employee who was injured while acting in the scope of his employment and as the result of the injuries received lost the sight of his right eye, which loss is permanent and total. As alleged in the petition in Paragraph 5 this loss of the sight of his right eye by plaintiff was sustained on January 11, 1936, the date of the accident. Therefore, we have a situation where the injury was sustained on the date of the accident.”
 

 Other pertinent allegations of the petition are:
 

 “Your petitioner now shows that within a short time, say ten days, petitioner’s employer, its agents, servants and employees knew of the time, cause, nature and extent of his said injury.
 

 “ * * * that his employment with The Solvay Process Company, defendant herein, continued without interruption, and from time to time his hourly wage was increased and his duties as an employee changed by his employer until on or about April 22, 1942; that the last payment for wages received by him from his employer was on or about April 22, 1942.
 

 “ * * * that he has never been paid any compensation for the loss of his right eye and that the compensation for said loss has never been fixed or agreed upon between him and his said employer.”
 

 Further, it is well to notice the fact, because of its importance in this cause, that the instant suit was filed on January 20, 1943, a date slightly more than seven years after the occurrence of the accident and injury.
 

 That portion of the statute on which defendant’s pleas are predicated is Section 31 of Act 20 of 1914, as last amended by Act 29 of 1934, reading as follows:
 

 “That in case of personal injury (including death resulting therefrom) all claims for payments shall be forever barred unless within one year after the accident or death the parties shall have agreed upon the payments to be made under this act or unless within one year after the accident proceedings have been begun as provided in Sections 17 and 18 of this Act. Where, however, such payments have been made in any case, said limitations shall not take effect until the expiration of one year from the
 
 *13
 
 time of making the last payment. Also, where the injury does not result at the time of, or develop immediately after the accident, the limitations shall not take effect until the expiration of one year from the time the injury develops, hut in all such cases the claim for payment shall he forever barred unless the said proceedings have been begun within two years from the date of the accident.”
 

 The principal contention of defendant is that the last part of the quoted provisions, commencing with the words “but in -all such cases,” applies to the entire section and consequently to all types of injuries; and that the expiration of two years before the filing of this suit has forever barred plaintiff’s claim. Counsel for plaintiff, in reply, argue that such last part is applicable only to injuries which develop sometime after the accident, in which category plaintiff’s loss does not fall (he alleged that it resulted immediately) ; that governing this cause is the one year prescription, announced in the first portion of the Act, and that it was interrupted by defendant’s payment of wages.
 

 A determination of the type of injury to .which the two year provision (the last portion of the section) applies seems unnecessary here. Plaintiff’s claim is barred by the one year statutory limitation unless by some authorized means its running was interrupted.
 

 Providing for such an interruption is the first part of said Section 31. Therein it is recited, to repeat in part, that “ * * * all claims for payments shall be forever barred unless within one year after the accident or death the parties shall have agreed upon the payments to be made under this act * * *. Where, however, such payments have been made in any case, said limitations shall not take effect until the expiration of one year from the time of making the last payment.”
 

 Unquestionably the payments there contemplated for tolling the running of the one year limitation are only those made to an employee as, in lieu of, or in the nature of, workmen’s compensation, or which may reasonably be considered as such. The statute, in clear and certain language, refers to them as “payments to be made under this Act.”
 

 Plaintiff, in his petition and through the argument of his counsel, admits that he was never paid any compensation for his specific injury (the loss of his right eye) ; that what he received from defendant was earned wages, these having been given to him for regular employment which continued without interruption for many years after the accident; and that his remuneration was commensurate with the services actually rendered. But in the brief of his counsel it is said: “We respectfully submit that the established jurisprudence of this state is to the effect that as long as the plaintiff continues to receive wages from his employer after his injury, that this payment of wages interrupts prescription.”
 

 The jurisprudence to which plaintiff directs our attention, in support of his position that the payment of wages under any circumstances interrupts prescription, includes several cases from the Courts of Ap
 
 *15
 
 peal of this state and two from this court, in each of which the employee was seeking an award of compensation for total and permanent disability (not for a specific loss as here). Principally relied on among these is Carpenter v. E. I. Dupont de Nemours & Co., La.App., 194 So. 99. There the employer, with knowledge of the disability, continued to pay the plaintiff his usual wages, but the payments were
 
 for performing lighter services than he was doing before.
 
 That factual situation is indicative of a recognition, by the parties concerned that the employee had a just claim for disability benefits and that the wages so paid him were in lieu or in the nature of compensation; hence, it was correctly held that the payments interrupted the foreclosing of his right to sue. The chief reason assigned by the Court of Appeal for its holding, however, was that the employer had lulled the employee into a false sense of security, thereby inducing him to withhold the prosecution of his demand.
 

 In Heard v. Receivers of Parker Gravel Co., La.App., 194 So. 142, also cited by plaintiff, it was found as a fact, that the payments made to the employee were in the nature of compensation. These, of course, interrupted the prescribing of the claim.
 

 The cases of Ulmer v. E. I. Dupont de Nemours & Co., La.App., 190 So. 175, and Thornton v. E. I. Dupont de Nemours & Co., La.App., 15 So.2d 543, are clearly inapplicable here. Neither involved the direct question of the interruption of the one year prescription or peremption period. True, in the opinion of each, certain broad language was used which apparently supports the position of the plaintiff, but it was obiter dictum, unnecessary for a decision of the issue presented.
 

 The decisions of this court to which plaintiff refers us are Carlino v. United States Fidelity & Guaranty Company, 196 La. 400, 199 So. 228, and Harris v. Traders & General Ins. Co., 200 La. 445, 8 So.2d 289. In the former we pointed out that the suit was filed within one year after the occurrence of the accident causing the disability. The issue in the latter was whether the institution of several different suits had. served to keep alive the claim for compensation. Neither, therefore, is controlling here.
 

 The employee in the instant case sustained no general disability from the accident; his claim is solely for a specific loss. He continued in his employment, performing the same work as before, and received regular wages for his efforts. Nothing resembling compensation was paid him; no fraudulent design on the part of the employer is charged; no suit' was filed within a year after the accident and injury. As is well stated by the Court of Appeal in its opinion: “ * * * his right to recover 65% of his wages for 100 weeks for the loss of his eye did not depend
 
 on his capacity to
 
 work. Regardless of the fact that he was able to continue his work and earn as much or more than he did before the accident, he still had a right to file a suit and enforce collection for his specific loss, and he was bound to have an adjudication or adjustment made of his claim within the prescriptive period. This he failed to do.” Under
 
 *17
 
 these circumstances plaintiffs claim is forever barred by the one year statutory limitation.
 

 For the reasons assigned, the judgment of the Court of Appeal is affirmed. All costs of this court to be paid by plaintiff.
 

 ROGERS, J., concurs in the results.