Plaintiff alleges in his petition that he was injured on June 11, 1945, while working for the Texas Company, and he was paid compensation at the rate of $20 per week for a period of 31 weeks; that during the latter part of December, 1945, he attempted. to resume his employment, but on account of pain in his foot he was not able to continue his work. The plaintiff then makes the following allegations in paragraphs 913 of his petition:
"That your petitioner was then given a ninety day leave of absence, which continued until the 13th day of April, 1946, during which said time, your petitioner was assigned to light work, that is clerking in a store.
"That on the 18th day of April, 1946, your petitioner was instructed to appear before Dr. Frank Bronstrom, M. D. at 3445 Prytania St. New Orleans, La. for further medical examination and treatment; that your petitioner did so appear; that his expenses thereto and the fees and charges of the said doctor were paid by the said defendant.
"That the defendant company on the 9th day of May, 1946, furnished your petitioner with a copy of the report of the said doctor, and advised your petitioner that the representatives of the said company would come and interview your petitioner with a view of making an adjustment of petitioner's compensation.
"That the matter was not then adjusted; that during the month of March, 1947, the said defendant company again endeavored to get your petitioner to discharge them, and offered your petitioner a small sum for a release, which your petitioner refused.
"That on the 18th day of April, 1946, the said company through their said doctor and *Page 145 
agent admitted that your petitioner's disability amounted to 15%; that however your petitioner was not paid the compensation due him."
The prayer of plaintiff's petition is for a judgment against the defendant as the insurance carrier of his employer for compensation for partial permanent disability at the rate of $7.20 per week for a period of 400 weeks (less the 31 weeks for which he was paid compensation), beginning April 18, 1946.
The defendant filed a plea of one year prescription or pe remption against plaintiff's claim, and an exception of no cause or right of action. An exception of vagueness was also filed by the defendant, but on an admission being made that the last compensation payment was made on January 16, 1946, this exception was overruled.
When the plea of prescription and the exception of no cause or right of action came on for hearing, the trial judge entered an order requiring the plaintiff to show the nature of his employment (as to time, place, employer, wages, etc.) which he claims interrupted prescription, as his petition did not clearly indicate these facts. It was ordered that unless this information was given within two weeks, the plea of prescription would be sustained. On the failure of plaintiff to furnish the required information, a judgment was rendered and signed sustaining the plea of prescription and dismissing plaintiff's suit as in case of nonsuit. From this judgment of dismissal, plaintiff has appealed.
[1] The only question before us is whether or not the plea of one year prescription or peremption was properly sustained. For the purpose of determining this question, the allegations of the petition must be taken as true. Arnold v. Solvay Process Co., 207 La. 8, 20 So.2d 407. As it is admitted that the last compensation payment was made on January 16, 1946, and as this suit was not filed until April 8, 1947, more than a year elapsed from the date of the last payment of compensation and the filing of the suit. The applicable part of Section 31 of the Compensation Law, Act No. 20 of 1914, as amended, Act No. 29 of 1934, § 1, Dart's Stat. § 4420, reads as follows: "In case of personal injury (including death resulting therefrom) all claims for payment shall be forever barred unless within one year after the accident or death the parties shall have agreed upon the payment to be made under this act or unless within one year after the accident proceedings have been begun as provided in Sections 17 and 18 of this Act. Where, however, such payments have been made in any case, said limitations shall not take effect until the expiration of one year from the time of making the last payment."
[2, 3] Under the plain provision of the law quoted above, plaintiff's claim became barred one year after the last payment on January 16, 1946, or on January 16, 1947. Plaintiff relies on the above quoted part of his petition to show that the running of the one year prescription was interrupted after the last payment of compensation was made. Let us analyze these allegations and see if there are any facts therein stated which would interrupt the prescription.
In the first quoted paragraph of the petition plaintiff alleges that he was given a ninety day leave of absence which continued to April 13, 1946, during which time he was assigned to light work, clerking in a store. He does not say whether or not his employer assigned him to clerking in a store and paid him wages up to April 13, 1946. This was evidently what the trial judge wanted him to show and which plaintiff refused to show. However, if his petition could be construed to allege as a fact that his employer assigned him to this lighter job and paid him wages therefor up to April 13, 1946, under the holding of the Supreme Court in the case of Arnold v. Solvay Process Co., supra, prescription was not interrupted during this period. In any event, there is no reason why plaintiff should not have furnished the information on this point which the trial judge ordered him to furnish.
The next two quoted paragraphs in plaintiff's petition refer to a medical examination made of him on the instructions of defendant and the report of the examination in April and May 1946, and the payment by defendant of all expenses in connection with the medical examination. *Page 146 
These allegations do not show any interruption of prescription. The furnishing of medical services and payment therefor by the employer does not constitute an admission of liability for compensation under the law. Kinder v. Lake Charles Harbor and Terminal Dist. et al., La. App., 31 So.2d 498; Subsection 5 of Section 18 of Act No. 20 of 1914, as amended, Act No. 85 of 1926, § 1, Dart's Stat. § 4408.
The last two quoted paragraphs of plaintiff's petition do nothing more than allege that the defendant in March, 1947, offered plaintiff a small sum in settlement of his claim, which offer he refused; that the employer, through its doctor, admitted that plaintiff's disability amounted to 15 per cent in April, 1946. But these alleged facts did not relieve plaintiff from taking some action within the year's prescription period to have his claim adjudicated. The fact remains that plaintiff took no action from the date the last payment was made to him until more than a year had elapsed from this last payment, and under the plain and mandatory provisions of the law, his claim was barred when he filed his suit.
For the reasons assigned, the judgment appealed from is hereby affirmed.