Alleging that on November 2, 1946, he suffered an injury resulting in total and permanent disability, plaintiff filed suit on January 14, 1948 against his employer and its compensation insurance carrier for maximum benefits under the compensation law.
The District Court, without the introduction of testimony, sustained the plea of prescription by one of the parties defendant and the case is before us on plaintiff's appeal from that judgment.
Since the suit was filed more than fourteen months after the occurrence of plaintiff's injury, the action has prescribed as provided by Section 31 of Act No. 20 of 1914, as amended by Act No. 29 of 1934, *Page 122 
unless the petition contains allegations — accepted as true for the purpose of passing upon the exception — sufficient to show interruption of the prescriptive period.
Paragraph three of the petition contains the allegation that the defendant company knew of plaintiff's disabling injury and "that they immediately continued him on the payroll by giving him lighter work to do, paying him all the while his full weekly wages that they had been paying him prior to the accident." Also bearing on the question of interruption of prescription vel non are paragraphs four and seven, quoted below:
"4. Your petitioner further shows that he did this work working in different parts of the defendant's business until the 29th day of September, 1947 when this injury became so painful that he could not rest at night and was in pain all during the day and it incapacitated him for doing this lighter work for which the defendant had been paying him; that on account of this injury and the resulting disability therefrom he was forced to leave their employ on that date, that is, September 29, 1947 because he was not able to do the work and since then he has been totally disabled to do work of any kind."
"7. Your petitioner further shows that the defendant was aware of this accident for the reason that he kept petitioner on the payroll, paid his wages and gave him lighter work to do and now since he has left his employment defendant has refused to and fails to pay his compensation which is due under the law notwithstanding demand has been made upon said defendant."
Plaintiff's contention before this Court is that the payment of wages by the employer, with knowledge of plaintiff's disabling injury, for doing lighter work, constituted an interruption of prescription under the Louisiana law as interpreted in the cases of Carpenter v. E. I. Dupont De Nemours Co., La. App., 194 So. 99; Arnold v. Solvay Process Co., 207 La. 8, 20 So.2d 407 and Walker v. Mansfield Hardwood Lumber Co., La. App., 35 So.2d 610.
In the Carpenter case, the Court of Appeal for the First Circuit reversed a judgment of the District Court sustaining a plea of prescription. The Carpenter suit was filed twenty-one months after the occurrence of the accident and the petition recited that, when the employee returned to work after the accident, he was given relatively light work and induced by his employer to temporarily forego his claim for compensation by the employer's repeated assurance "* * * that he (Carpenter) would be taken care of and given work as long as construction lasted and that ultimately, if he did not get well, he would be taken care of to his full satisfaction." [194 So. 100.] In holding that the conduct in payment of wages by Carpenter's employer was sufficient to constitute interruption of prescription, the Court said:
"* * * and it is our confirmed opinion that when, with knowledge of the employee's disabling injury, the employer continues to pay him his usual wages, which is 35% more than the amount of compensation he would have to pay, for performing lighter services than he was doing before, there results a situation in which the provisions of the statute regarding the bar of peremption have been fully satisfied and as long as those payments continue prescription does not run."
The Louisiana Supreme Court in the Arnold case, supra [207 La. 8, 20 So.2d 409], used the following language in discussing the Carpenter case:
"There the employer, with knowledge of the disability, continued to pay the plaintiff his usual wages, but the payments were for performing lighter services than he was doingbefore. That factual situation is indicative of a recognition by the parties concerned that the employee had a just claim for disability benefits and that the wages so paid him were in lieu or in the nature of compensation; hence, it was correctly held that the payments interrupted the foreclosing of his right to sue. The chief reason assigned by the Court of Appeal for its holding, however, was that the employer had lulled the employee into a false sense of security, thereby inducing him to withhold the prosecution of his demand." (Emphasis by Justice Hamiter).
It is noteworthy that the language of the Supreme Court in the Arnold case is that *Page 123 
when payments of wages are made to an injured employee, "for performing lighter services than he was doing before (the accident)," that factual situation is indicative of the recognition that the employee had a just claim for disability and that the wages so paid were in lieu of or in the nature of compensation and constitute payments made under the act sufficient for the interruption of prescription.
In the Walker case, supra, this Court cited the Carpenter case as authority for the fact that the continued payment to an injured employee of wages for performing lighter services than those done before the injury, operates as an interruption of prescription. The petition set forth that Mabel Walker's employer took her off the heavy duties which she was performing at the time of her injury and, with full knowledge of her crippled condition, kept her employed at lighter duties. However, this Court found that the evidence did not sustain that contention and, while recognizing the principle of the Carpenter case, found against the plaintiff on the facts.
It is possible that the Court may find against the present plaintiff on the basis of facts adduced on trial of the merits. Nevertheless, we are of the opinion that he is entitled to the opportunity of presenting these facts to the Court. The allegations of the petition are sufficient to permit introduction of evidence to show facts and circumstances surrounding the re-employment, which in the language of the Supreme Court in the Arnold case, supra, "is indicative of a recognition by the parties concerned that the employee had a just claim for disability benefits and that the wages so paid him were in lieu or in the nature of compensation * * *."
The Courts of Louisiana have adopted the rule in all cases that a petition which fairly apprises the party defendant of a legal claim made by plaintiff will not be thrown out for technical reasons or for lack of setting forth complete details. The compensation act requires that the Courts be liberal in the construction of pleadings. We conclude that the allegations of plaintiff's petition are such as to permit the introduction of testimony which may or may not establish that plaintiff was given lighter work, at full wages, after the accident and that the circumstances surrounding this return to work were such that these payments were in lieu of or in thenature of compensation and therefore had the legal effect of interrupting the prescription provided in the compensation act.
The judgment appealed from is annulled and judgment is now rendered overruling the plea of prescription. The case is remanded to the Fourth Judicial District Court for further proceedings in accordance with law and consistent with the views herein expressed. Costs of appeal to be borne by defendant; other costs to await the final outcome of the litigation.
TALIAFERRO and HARDY, JJ., sitting.