50 So.2d 307 (1951)
ABSHIRE
v.
CITIES SERVICE REFINING CORP. et al.
No. 3334.
Court of Appeal of Louisiana, First Circuit.
February 8, 1951.
Murray Anderson, Lake Charles, for appellant.
Jones, Kimball & Everett, Lake Charles, for appellees.
DORE, Judge.
In this suit plaintiff appeals from a judgment sustaining a plea of prescription as to his demand for the maximum compensation and the maximum medical expenses as provided for under our Workmen's Compensation Statute, LSA-RS 23:1021 et seq., alleging that he was totally and permanently injured on August 6, 1948, while in the employ of defendant, Cities Service Refining Corp. He made his employer and its compensation insurer, The Hartford Accident and Indemnity Company, defendants.
We have carefully read the transcript and the conclusions predicated thereon by the trial judge in his written opinion for judgment, and we are convinced that these reasons cover the issues herein involved so fully that we adopt them as our own:
"This is an action under the provisions of the Workmen's Compensation Act, instituted by Gladu Abshire against Cities Service Refining Corporation and its compensation insurer, Hartford Accident and In demnity Company. Plaintiff alleges that on August 6, 1948, during the course of his employment by the first named defendant, *308 he sustained an accidental injury which has rendered him totally and permanently disabled, that after the injury was sustained, however, said defendant continued to employ him at his regular wages but that he thereafter performed only light duties, and that such employment continued until September 6, 1949, when plaintiff was discharged.
"Plaintiff first instituted a suit for compensation against defendants on December 21, 1949, which suit bears No. 28,006 on the Civil Docket of this court. That suit, however, was voluntarily dismissed as of non-suit by plaintiff, and the present suit was instituted on January 17, 1950. More than one year elapsed, however, between the date on which the injury is alleged to have been sustained and the date on which plaintiff instituted legal action for compensation payments.
"Defendants filed an exception or plea of prescription of one year, which plea was duly fixed for hearing and at such hearing evidence was introduced by both parties. The matter is before the Court at this time on that exception or plea of prescription.
"The jurisprudence of this State has been established to the effect that if an injured employee continued to work for and to receive regular wages from the same employer after the injury is sustained, the prescription of one or two years, as provided by Section 31 of Act 20 of § 1914, as amended, LSA-RS 23:1209, will begin to run from the date of the accident unless it is established that the payment of wages after the accident was in lieu of or in the nature of compensation and therefore had the legal effect of interrupting prescription. Thornton v. E. I. Dupont De Nemours & Co., 207 La. 239, 21 So.2d 46; D'Antoni v. Employers' Liability Assur. Corp., Ltd., 213 La. 67, 34 So.2d 378; Carlino v. United States Fidelity & Guaranty Co., 196 La. 400, 199 So. 228; Arnold v. Solvay Process Co., 207 La. 8, 20 So.2d 407; Michel v. Maryland Casualty Co., [La.App.] 33 So.2d 144; Walker v. Mansfield Hardwood Lumber Co., [La.App.] 35 So.2d 610.
"In the case of Arnold v. Solvay Process Co., supra, the Supreme Court expressed the rule as follows: `Unquestionably the payments there contemplated for tolling the running of the one year limitation are only those made to an employee as, in lieu of, or in the nature of, workmen's compensation, or which may reasonably be considered as such. The statute, in clear and certain language, refers to them as "payments to be made under this Act."' [207 La. 8, 20 So.2d 409.]
"And in the case of Thornton v. E. I. Dupont De Nemours & Co., supra [207 La. 239, 21 So.2d 52], the same Court, with Chief Justice O'Niell as its organ, said: `There is no reason why the payment of wages should prevent the running of prescription against a claim for workmen's compensation, because, according to the wording of Subsection 1(B) of Section 18 of the statute, the payment of wages after the accident has happened does not prevent the injured employee from bringing his suit to have the court fix the amount of the compensation that is due him, and to put a maximum limit upon the number of weeks during which it shall be paid. In the words of that subsection it is only the payment of workmen's compensation that suspends the right of an injured employee to bring suit to fix the amount of compensation to which he is entitled, and to limit the number of weeks in which it is to be paid. Of course if it is shown in any case that the payment of wages to the injured employee after the accident happened was a mere subterfuge or pretense on the part of the employer, intending thereby to lull the injured employee into a sense of security until the expiration of the year has elapsed, so that the employer might then plead prescription in bar of a suit for compensation, the payments made after the injury might well have the effect of preventing the running of prescription; otherwise an injustice would be sanctioned,as explained by the court of appeal in the Carpenter case [Carpenter v. E. I. DuPont De Nemours & Co., 194 So. 99].'
"If the wages paid to an injured employee after the accident are in the nature of or are in lieu of compensation payments, any action which the employee may *309 institute under the Workmen's Compensation Act while such wages are being paid would be vulnerable to a plea of prematurity. If the wages so paid, however, are not in the nature of or in lieu of compensation there would be no merit to a plea of prematurity and plaintiff could maintain an action to have the amount of compensation due him fixed by judgment of the Court even though he may still be employed by and be receiving regular wages from the same employer. This principle of law was stated by Justice McCaleb, as the organ of the Supreme Court, in the case of D'Antoni v. Employers' Liability Assur. Corp., Ltd., supra, as "follows: `If the employee is actually earning the wages paid him, his suit cannot be dismissed on a plea of prematurity forasmuch as he is not receiving compensation. Such is the case here according to Atkins' testimony. Conversely, if it is shown on the trial of the plea that the wages being paid the employee are in reality a gratuity and not for the performance of work, then the action will be dismissed as prematurefor, in such instance, the payment of the wage is the equivalent to the payment of compensation.' [213 La. 67, 34 So.2d 381.]
"In the present case, therefore, if the wages which plaintiff received after the date of the accident, August 6, 1948, were in the nature of or in lieu of compensation payments, any action which he may have instituted while the wages were being so paid would have been premature, and prescription would have been interrupted as long as such wages were paid. On the other hand, if the wages received by plaintiff after the accident were commensurate with the services rendered by him and were not in the nature of or in lieu of compensation, the payment of such wages would not bar him from instituting an action to have his compensation payments fixed and would not interrupt the running of prescription of one or two years, as provided by Section 31, of Act 20 of 1914, as amended.
"The evidence shows that plaintiff was first employed by Cities Service Refining Corporation on June 12, 1944, as a First Class Pipefitter's Helper, and he continued to work for that corporation under the same classification and performing the same type of duties until he was discharged on September 6, 1949. On August 6, 1948, the date on which the accident is alleged to have occurred, plaintiff was working as a pipefitter's helper in one of the maintenance crews at defendant's oil refining plant. He was off work for a few weeks following the accident but returned to work on September 20, 1948, in the same maintenance crew, performing the same type of work, working under the same foreman and pipefitter, and receiving the same rate of pay. He continued to work in the same crew doing that type of work until during or about the month of March 1948, or for a period of about six months after returning to work, when he was transferred to the "junk yard", where he worked as a pipefitter's helper under another pipefitter and foreman. He continued to work in the "junk yard" until the date on which he was discharged. During all of this period plaintiff continued to receive his regular wages, and in fact on February 12, 1949, he received a slight increase in wages. He was receiving $1.58 per hour at the time of the accident, and $1.60 per hour when he was discharged.
"The records of Cities Service Refining Corporation show that plaintiff was discharged from his employment for the following reasons: `Garnishment of wages, continued complaints from creditors on non-payment of bona fide debts.' And the evidence shows that six garnishment proceedings were instituted against the refining corporation in connection with debts owed by plaintiff and that the latter talked to Mr. Abshire about them a number of times before plaintiff was discharged. Plaintiff's employment was terminated immediately after the sixth garnishment proceeding was filed.
"Counsel for plaintiff contends that according to the evidence the duties which plaintiff was required to perform after the accident were lighter than those required of him prior to that time, that the wages paid to plaintiff after August 6, 1948, therefore, were in the nature of, or in lieu of, *310 compensation and that prescription was interrupted while such wages were being paid.
"In support of the arguments advanced by counsel for plaintiff he cites the cases of Stiles v. International Paper Co., [La. App.] 39 So.2d 635; Brooks v. G. E. Johnson Lumber Co., [La.App.] 41 So.2d 121; and Davis v. Brown's Velvet Dairy Products, Inc., [La.App.] 43 So.2d 266. The Court has carefully examined each of these decisions and finds nothing in them which conflicts with the law as expressed in the cases hereinabove referred to and quoted. In the Stiles and Brooks cases, both of which were decided by the Court of Appeal, Second Circuit, the pleas of prescription were submitted on the pleadings without the introduction of evidence and the Court found in each case that the pleadings were sufficient to permit the introduction of evidence to show that the wages paid after the accident were in the nature of and in lieu of compensation payments. In the Davis case the plea of prescription was sustained principally because plaintiff failed to allege that any wages were paid to him by the same employer after the accident.
"After considering all of the evidence in this case, this Court is convinced that the wages paid to plaintiff after he returned to work on September 20, 1948, were actually earned by him, that the wages so paid were commensurate with the services rendered and work performed by him, that such wages were not a gratuity or in the nature of or in lieu of compensation, that plaintiff was not assigned to lighter duties after the accident, that his employer did not mislead or lull him into a sense of false security, that plaintiff at any time during the period of one year following the date on which the injuries are alleged to have been sustained could have instituted and maintained an action for compensation and that such action would not have been subject to dismissal on a plea of prematurity. The Court concludes, therefore, that the payment of wages after the date of the accident in this case did not interrupt the running of prescription.
"The accident occurred on August 6, 1948, and the first legal action instituted by plaintiff to recover compensation was instituted on December 21, 1949. The evidence indicates that the injury developed immediately after the accident, and more than one year elapsed between the date of the accident and the date on which suit was instituted. Since prescription was not interrupted by one of the means provided by law, the exception or plea of prescription filed by defendants in this suit must be maintained.
"For the reasons herein assigned, therefore, judgment is rendered in favor of exceptors, Cities Service Refining Corporation and Hartford Accident and Indemnity Company, and against plaintiff, Gladu Abshire, maintaining the exception or plea of prescription filed by said defendants and dismissing this suit."
Finding the trial judge's conclusions as to the law and the facts as detailed above to be eminently correct, the judgment below is affirmed.