ELLIS, Judge.
Plaintiff is seeking compensation for total permanent disability for an alleged accidental.injury to his back on May 23, 1946, although the suit was not filed until July 17,. 1947, and because of this the defendant filed a plea of prescription based upon the provisions of the Workmen’s Compensation Act, No. 20 of 1914, Section 31, as amended by Act No. 85 of 1926 and Act No. 29 of 1934, LSA-RS 23:1209, which reads as follows:
“in case of personal injury' (including death resulting therefrom) all claims for payments shall be forever barred unless within one year after the accident or death the parties shall 'have agreed upon the payments to be made under this act or unless within one year after the accident proceedings have been begun as provided in Sections 17 and 18 of this Act. Where, 'however, such payments have been made in any case, said limitations shall not take effect until the expiration of one year from the time of making the last payment. Also, where the injury does not result at the time of, or develop immediately after the accident, the limitations shall not take effect until the expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the said proceedings have been begun within two years from the date of the accident.”
Plaintiff alleged in his petition that some of the doctors who examined him on behalf of the defendants told him that he had a back strain but advised him to continue to work “as in this way his 'back would receive the exercise it should receive and the injury would clear up much quicker.” As a result of this advice by the doctors, he continued to work even though the pain was excruciating, and managed to work more or less regularly for which he was paid his customary wages by the defendant-employer, but when his back would pain him too severely, making it impossible for him to work, he would report to his foreman “who would always instruct him to discontinue work and to go home but to return to work just as soon as he was able to do: so.”
In view of the above facts, the Judge of the lower court referred the plea of prescription to the merits, citing McDonald v. Louisiana, Arkansas & Texas Transp. *618 Co., 28 So.2d 502, 503, in which it was held:
“Briefly stated, the defense to this action is based upon the proposition that payment of compensation to a minor child who is a member of a preferred class precludes the right to compensation on the part of any dependents of a subordinate class.
“In this Court defendant has filed an exception of no cause or right of action which tenders the proposition above stated. Since a determination of the same proposition is Involved in a consideration of the judgment rendered on the merits of the case, we see no need for a discussion of the exception, inasmuch as it must stand or fall under the same interpretation of the same proposition of law which is presented on the merits.”
By way of answer, defendants denied the material allegations of plaintiff’s petition.
The case was tried and the lower court, in dismissing plaintiff’s suit and in rendering judgment in favor of the defendants stated: “After reading the record and briefs, I am of the opinion that the plaintiff has not discharged the burden of proof as is legally required.”
There was no discussion by the Lower Court of the plea of prescription.
Plaintiff has appealed to this Court and the defendants have re-filed and are re-urging in this court the plea of prescription.
The facts upon which defendants rely to establish prescription are that the accident ■from which plaintiff’s injuries resulted occurred May 23, 1946 and that he continued to work for defendants from that date until June 10, 1947 and that 'his suit was not filed until July 17, 1947. The plaintiff ■resists the plea of prescription and contends that it should be overruled as the evidence in the case establishes the fact that plaintiff was examined by three doctors at the expense of the defendants immediately after the alleged accident and injury to his back, and they informed plaintiff to return to work but to do only light work as they believed light duties would prove instrumental in healing his injured back.
Counsel for plaintiff in his brief frankly states that none of the physicians who examined plaintiff and advised him to return to work were deliberately attempting to conceal from plaintiff the true nature of his injury but that there was an honest error on the part of the physicians as to the best treatment for plaintiff’s injuries.
Based upon the above recited facts, counsel for plaintiff contends that where there has been a detrimental reliance because of the representations, whether deliberate or unintentional, of defendants’ agents, the doctrine of equitable estoppel applies, and that this Court, in effect, applied such a doctrine in the case of Carpenter v. E. I. Dupont deNemours & Co., La.App., 194 So. 99.
In the case of Arnold v. Solvay Process Co., 20 So.2d 407, 409, the Supreme Court, in discussing a plea of prescription of one year predicated upon Section 31 of Act No. 20 of 1914 as amended, supra, stated:
“ * * * Plaintiff’s claim is barred by the one year statutory limitation unless by some authorized means its running was interrupted.
“Providing for such an interruption is the first part of said Section 31. Therein it is recited, to repeat in part, that ‘ * * * all claims for payments shall be forever barred unless within one year after the accident or death the parties shall have agreed upon the payments to be made under this act * * Where, however, such payments have been made in any case, said limitations shall not take effect until the expiration of one year from the time of making the last payment.’
“Unquestionably the payments there contemplated for tolling the running of the one year limitation are only those made to an employee as, in lieu of,- or in the nature of, workmen’s compensation, or which may reasonably be considered as such. The statute, in clear and certain 'language, refers to them as ‘payments to be made under this Act.’
H* ^ ^
“The jurisprudence to which plaintiff directs our attention, in support of his position that the payment of wages under any circumstances interrupts prescription, includes several cases from the Courts of *619 Appeal of this state and two from this court,' in each of which the employee was seeking an award of compensation for total and permanent disability (not for a specific loss as here). Principally relied on among these is Carpenter v. E. I. Dupont deNemours & Co., La.App., 194 So. 99. There the employer, with knowledge of the disability, continued to pay the plaintiff his usual wages, but the payments were for performing lighter services than he veas doing before. That factual situation is indicative of a recognition by the parties concerned that the employee had a just claim for disability benefits and that the wages so paid him were in lieu or in the nature of compensation; hence, it was correctly held that the payments interrupted the foreclosing of his right to sue. The chief reason assigned by the Court of Appeal for its holding, however, was that the employer had lulled the employee into a false sense of security, thereby inducing him to withhold the prosecution of his demand.”
Thus, unless plaintiff performed lighter duties for which he was paid wages in lieu of, or in the nature of, workmen’s compensation, or which may reasonably be considered as such under the facts in the case, any claim based upon the alleged accident and injury of May 23, 1946 is barred by the one year prescription. The record establishes that the plaintiff, on the date of the accident and injury to his back, continued to work that day and received a slip from his foreman to report to the Aycock Clinic. This slip does not designate his injury as a back injury, however, the reports of Dr. Supple and Dr. Daspit of this Clinic show that he did have a back injury, as does the testimony of Dr. Wick-strom. It is also established that these three doctors advised plaintiff to return to light duties. The plaintiff returned to work without notifying his employer of the advice given him by the doctors and continued in his employment, performing the same work as before and receiving regular wages for his efforts, up until June 10, 1947 at which time plaintiff was punching iron and the pain became so intense that he stopped work. It was after this date that he was advised by Dr. Wickstrom not to return to work but to return home and rest and if the pain persisted to return to him for further advice and treatment.
Under the facts in this record and the law applicable thereto, plaintiff’s action based upon the alleged accident and injury of May 23, 1946 was barred by the prescription of one year. As was said of the plaintiff by the Supreme Court in the Arnold case, supra: “ * * * He continued in his employment, performing the same work as before, and received regular wages for his efforts. Nothing resembling compensation was paid him; no fraudulent design on the part of the employer is charged; no suit was filed within a year after the accident and injury. As is well stated :by the Court of Appeal in its opinion: * * his right to recover 65% of his wages for 100 weeks for the loss of his eye did not depend on his capacity to work. Regardless of the fact that he was able to continue his work and earn as much or more than he did before the accident, he still had a right to file a suit and enforce collection for his specific loss, and he was bound to have an adjudication or adjustment made of his claim within the prescriptive period. This he failed to do.’ Under these circumstances plaintiff’s claim is forever barred by the one year statutory limitation.”
The treatment prescribed by the three doctors cannot be considered as having lulled plaintiff into a false sense of security for their instructions were explicit and specific to the effect that he should return to light work. Under the jurisprudence, had he followed their instructions and notified the employer and performed light work, the wages which he received would have been considered as in lieu of or in the nature of workmen’s compensation and prescription would ’have been interrupted. Even should we assume that the knowledge by the doctors of plaintiff’s disability could be imputed to plaintiff’s employer, defendants herein, it would not change our conclusion. The employer is not charged with fraud nor is there any evidence whatsoever that they said or did anything to deceive the plaintiff. They in no way recognized his disability, and plaintiff *620 earned the wages he received by performing the same hard, manual labor as prior to the alleged accident and injury. Therefore, any claim of plaintiff arising out of the injury of May 23, 1946 is barred by the prescription of one year.
Although no contention nor defense was raised in the lower court or the pleadings that plaintiff en June 9th, 1947 'had suffered an aggravation of the old injury of May 23, 1946, such is now being urged in this Court. In view of the liberal interpretation of the pleadings and rules of evidence in compensation cases and evidence by one doctor that he was “under the impression that the patient had aggravated a previous strain of his lumbo sacral joint” we entertain such a contention.
Plaintiff alleged in his petition and so testified that he consulted two of the doctors, Supple and Wiclcstrom, who -had examined him as a result of his alleged injury of May 23, 1946, and they advised him not to return to work, which instructions he followed. Plaintiff testified, as did his wife and father, that he had suffered excruciating pains and was unable to sleep at night, and that from October 1946 he had worn a back brace and had slept on the floor a great part of the time, and as the acute pains which forced him to discontinue his work on June 9th, 1947 were the same he 'had been suffering all along only more acute and painful and in the same region of his back, it would be logical to conclude that the pains of June 9th, 1947 were of a continuing nature and due to the injury of May 23, 1946 and, therefore, barred by the one year prescription. In other words, we do not believe that the record proves an aggravation of the injury of May 23, 1946 but rather that plaintiff’s disability and 'his final inability to continue his duties were the' result of the accident and injury of May 23, 1946 and not of any accident and aggravation of the old injury on June 9th, 1947.
In addition, on the question of aggravation of an old injury, the record shows that from May 23, 1946 until June 9, 1947, which consisted of 323 working days, that plaintiff worked 306 of these days with 60 hours overtime. From June 10, 1947 to October 12th or 13th, 1947 plaintiff performed no work — he was resting and attempting to obtain compensation. On October 12 or 13, 1947 he obtained employment driving a large truck and ‘handling pipe, machinery and drilling mu-ds, which was shown to have been heavy, strenuous, manual labor. He at no time complained of his back during this employment, and he continued to work regularly for the same employer, except for a short time when he became dissatisfied and secured other employment, up until one week prior to the date of the trial in the lower court which was held on Nov. 12, 1948. It is shown that he worked an average of 166 days, nine hours average per day, and made a total of $8.23 per day, and that his reason for discontinuing his employment one week before the trial of the case was to rest. Even if we accept plaintiff’s contention that on June 9‘th, 1947 he aggravated the old injury of May 23, 1946, tire evidence is insufficient upon which to base a judgment for permanent or total disability for any length of time.
It is therefore ordered that the plea of prescription be maintained and as thus amended the judgment of the District Court be affirmed.