GLADNEY, Judge.
The defendants have appealed from a judgment awarding workmen’s compensation, and rest their defense upon a plea of prescription of one year as provided in LSA-R.S. 23:1209.
The salient facts are not in dispute. Howard F. Wallace, while employed as a millwright by Remington Rand, Inc., on June 4, 1952, received an injury to his back, a ruptured fifth lumbar disc, and from that date until the termination of *88 his employment on October 26, 1953, he was totally and permanently disabled within the terms of the employer’s liability statute. The employee sustained the injury in lifting a small motor while in a bending or stooping position. He did not discontinue his work or take a leave of absence but continued at the same job without absence until October 26, 1953, during which time he received his regular wages which ranged from $72 to $247.50 weekly. His foreman, Raleigh T. Grounds, was informed of the injury and prepared an accident report to the effect the employee had sustained accidental' injuries to the back. He gave instructions to the immediate superiors of Wallace to permit him to perform only the lighter duties required of a millwright.
In a stipulation by counsel it is stated: “It is believed that Howard F. Wallace could perform light work that required no heavy lifting or stooping following his accident of June 4, T952, up to the present date, but Howard F. Wallace would be classified as totally disabled- from performing any work that would require heavy lifting or stooping or bending of his back. Any such movements that would be made in lifting heavy objects or bending or stooping would cause Mr. Wallace severe pain and discomfort.”
On October 28, 1953, Wallace was sent to Dr. Potts, the employer’s doctor, who, in turn, referred him to Dr. GarsOn Reed, with the result there was made a conclusive diagnosis of a ruptured disc and on December 4, 1953, an operation was performed as a corrective measure.
This suit was not instituted until January "22, 1954, approximately nineteen months after the accident on June 4, 1952. The record shows the employee’s performance of his duties following June'4, 1952 was satisfactory to his immediate superiors although he was not. required to undertake heavy lifting and was only expected to. do the lighter duties attendant upon a millwright’s .work. The record is wholly void of any discussion between the interested parties as to .the.payment of compensation. Nor can it be said that anything was said or done from which the employee could have inferred the weekly payments were anything other than for wages.
The plea of prescription emanates from LSA-R.S. 23:1209, Acts 1914, No. 20, § 31, which, so far as appear relevant to the issues here presented, provides:
“In case of personal injury * * * all claims for payments shall be forever barred unless within one year after the accident * * * the parties have agreed upon the payments to be made under this Chapter or unless within one year after the accident proceedings have been begun * * *. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment. * * * ”
The words “payments to be made under this Chapter” have reference to compensation or payments in lieu of or made in the nature of compensation.
The jurisprudence- of this state has established the rule that if an injured employee continues to work for and to receive-regular wages from the same employer after the injury is sustained, the prescription of one or two years as provided by Section-31 of Act 20 of 1914, as amended, LSA-R.S. 23:1209, will begin to run from the date of the accident unless it is established that the payment of wages after the accident is in lieu of or made in the nature of compensation ;and therefore has the legal effect of interrupting prescription. Carlino v. United States Fidelity & Guaranty Co., 1940, 196 La. 400, 199 So. 228; Arnold v. Solvay Process Co., 1944, 207 La. 8, 20 So.2d 407; Thornton v. E. I. Dupont De Nemours & Company, 1944, 207 La. 239, 21 So.2d 46; Michel v. Maryland Casualty Co., La.App., 1947-1948, 33 . So.2d 144;. D’Antoni v. Employers’ Liability Assurance Corporation, Ltd., 1948, 213 La. 67, 34 So.2d 378; Walker v. Mansfield Hardwood Lumber Co., La.App., 1948, 35 So.2d. 610; Abshire v. Cities Service Refining Corp., La.App., 1951, 50 So.2d 307; Cra- *89 deur v. Louisiana Highway Comm., La.App., 1951, 52 So.2d 601; Chauvin v. St. Mary Iron Works, La.App., 1951, 55 So.2d 617.
Chief Justice O’Niell in the case of Thornton v. E. I. Dupont De Nemours Company, supra [207 La. 239, 21 So.2d 52], in discussing a plea of prematurity under LSA-R.S. 23:1314, section 18.1(B) of Acts 1914, No. 20, remarked:
“In the words of that subsection it is only the payment of workmen’s compensation that suspends the right ■of an injured employee to bring suit to fix the amount of compensation to which he is entitled, and to limit the number of weeks in which it is to be paid. Of course if it is shown in any case that the payment of wages to the injured employee after the accident happened was a mere subterfuge or pretense on the part of the employer, intending thereby to lull the injured employee into a sense of security until the expiration of the year has' elapsed, so that the employer might then plead prescription in bar of a ■suit for compensation, the payments made after the injury might well have the effect of preventing the running ■of prescription; otherwise an injustice would be sanctioned, — as explained by the court of appeal in the Carpenter case [Carpenter v. E. I. Dupont De Nemours & Co., La.App., 194 So. 99].”
“ ‘If the wages paid to an injured employee after the accident are in the nature of or are in lieu of compensation payments, any action which the employee may institute under the Workmen’s Compensation Act while such wages are being paid would be vulnerable to a plea of prematurity. If the wages so paid, however, are not in the nature of or in lieu of compensation , there would be no merit to a plea of prematurity and plaintiff could maintain an action to have the amount of compensation due him fixed by judgment of the Court even though he may still be employed by and- be receiving regular wage9 from the same employer. This principle of law was stated by Justice McCaleb, as the organ of the Supreme Court, in the case of D’Antoni v. Employers’ Liability Assurance Corporation, Ltd., supra, as follows: “If the employee is actually earning the wages paid him, his suit cannot be dismissed on a plea of prematurity forasmuch as he is not receiving compensation. Such is the case here according to Atkins’ testimony. Conversely, if it is shown on the trial of the plea that the wages being paid the employee are in reality a gratuity and not for the performance of work, then the action will be dismissed as premature — for, in such instance, the payment of the wage is the equivalent to the payment of compensation.” (213 La. 67, 34 So.2d 381.)’ ” Abshire v. Cities Service Refining Corp., La.App., 50 So.2d 307, 308.
Counsel for appellee assert the following correctly states the principle established in our jurisprudence: “That where an employee, who having sustained a compensa-ble injury within the intendment of the compensation laws of this State, is retained on the payroll by employer, who has knowledge of such injury, and where said employee thereafter performs only light work, although he may be paid the same wage he was1 earning prior to said accident, then and in that event the payment of wages by the employer are in lieu of, or in the nature of compensation, and the running of prescription is interrupted by ■each payment made by the employer to said employee.”
Cited in support of this postulation are: Carpenter v. E. I. Dupont De Nemours & Company, La.App., 1940, 194 So. 99; Heard v. Receivers of Parker Gravel Co., Inc., La.App., 1938, 194 So. 142; Arnold v. Solvay Process Co., 1944, 207 La. 8, 20 So.2d 407; Stiles v. International Paper Co., La.App., 1949, 39 So.2d 635; Brooks v. G. E. Johnson Lumber Co., La.App., 1949, 41 So.2d 121; Abshire v. Cities Serv *90 ice Refining Corporation, La.App., 1951, 50 So.2d 307.
In the Stiles and Brooks cases, both decided by this court, the pleas of prescription were submitted on the pleadings without introduction of evidence and all that was held in either case was that the pleadings were sufficient to permit the introduction of evidence to show that the wages paid after the accident were in the nature of and in lieu of compensation payments. The Arnold and Abshire cases held' adversely to appellee’s contention. The opinion in the Carpenter case was upon a plea of prescription prior to a trial on the merits. There, a judgment of the trial court dismissing plaintiff’s suit was reversed, the appellate court overruling the plea, remanding the case, and holding in effect that the petition contained allegations which, if proven, showed that payments within a year preceding the filing of the suit were made by the employer as compensation. The court stated, 194 So. at page 100:
“According to plaintiff’s further statement as contained in his petition, his employer induced him to temporarily forego any claim for compensation payments under the law by assuring him repeatedly that he would be taken care of and given work as long as construction lasted and that ultimately, if he did not get well, he would be taken care of to his full satisfaction. As a matter of fact, he was kept on the pay roll at the same wages he had been earning, as we understand, until April 14, 1939, with the exception of two short lay-offs”,
and held that wages paid under such circumstances would satisfy the statute regarding the bar of peremption as long as those payments continued, and prescription would not run. Judge LeBlanc, the organ of the court, said further:
“Otherwise, it is obvious that the employer could defeat every just claim for compensation for a period of more than fifty-two weeks by simply keeping the injured employee on the pay roll at a wage which is the equivalent of the amount of compensation he would be entitled to, or more, for a year and a day.”
In the Heard suit irregular payments were made to the employee and his attorney and were listed on defendant’s books as “general expense”. Of course, the court held these were payments in lieu of compensation for the employer did not consider them wages. The above-cited authorities do not establish the rule to be as contended for by counsel.
The weight of authority in our courts is to the effect that where the employer is aware his employee is suffering from a compensable injury and retains the employee on the same job with regular wages but assigns to him the performance of lighter duties, such knowledge and action considered alone, do not bring about an interruption or suspension of the statutory bar to filing a suit within the prescribed year. This is so because there is no agreement, understanding or relationship from which it can be implied that the payments so made shall take the place of compensation. The statute, LSA-R.S. 23 :- 1209, liberally construed requires that in order to constitute an interruption of the prescription there must at least be an implied understanding between the interested parties that the payments made to the employee shall be in lieu of compensation. Brister v. Wray-Dickinson Co., Inc., La.App., 1935, 159 So. 430, 183 La. 562, 164 So. 415; Irwin v. Oakes, La.App., 1942, 6 So.2d 49.
Where wages paid are commensurate with the services rendered there is no interruption in the prescriptive period. Abshire v. Cities Service Refining Corp., La.App., 1951, 50 So.2d 307; Mottet v. Libbey-Owens-Ford Glass Co., La.App., 1950, 49 So.2d 38; Chauvin v. St. Mary Iron Works, La.App., 1951, 55 So.2d 617; Cradeur v. Louisiana Highway Comm., La.App., 1951, 52 So.2d 601.
At any time after the injury of June 4, 1952, had. plaintiff’s employer refused a *91 demand for compensation and suit therefor had been instituted while plaintiff was continuing to receive the payments so made to him, a plea of prematurity would have been denied under Thornton v. E. I. Dupont De Nemours & Co., supra, and this is true because the payments were wages actually earned.
It must follow then from this persuasion that the judgment from which appealed is in error and, therefore, it is ordered that the same be reversed, annulled and set aside, the plea of prescription under LSA-R.S. 12:1209 be sustained and plaintiff’s suit dismissed at his cost.