LOTTINGER, Judge.
This is a workmen’s compensation proceeding which was dismissed in the Court below on a plea of one and two years prescription. The trial judge assigned written reasons for his judgment, which we herewith set out in full:
“This matter is before the Court on a plea of prescription of one and two years filed by defendants to a suit brought by plaintiff under the Workmen’s Compensation Act of this State.
‘■‘For a cause of action, plaintiff alleges that on or about July 3, 1950, he was employed by defendant, Ed. Taussig, Inc., as an auto parts salesman and his job included the driving of a panel truck; that on or about July 3, 1950, while in the course of employment, plaintiff was driving said panel truck on an oily road and the condition of the road caused the said truck to skid and overturn, causing plaintiff permanent injuries. Plaintiff alleged further that he was retained on lighter work by his employer until January 1, 1954, and since that date he has never received wages or compensation. Plaintiff also asked for attorney fees and penalties. Travelers Indemnity Company, as the insurer of Ed. Taussig, Inc., was also made a party to the suit. On these issues the case was heard.
“The evidence adduced at the hearing on the plea of prescription shows that plaintiff had an accident on July 3, 1950, while in the course of employment for his employer, Ed. Taussig, Inc., hereinafter referred to as ‘employer’; that at the time of the accident, plaintiff was an auto parts salesman traveling through certain portions of Southwest Louisiana and driving a panel truck while so employed; that after the accident plaintiff was engaged in lighter work, namely, parts salesman in the main establishment of his employer at Lake Charles, Louisiana; that plaintiff worked as a counter man; that his wages in that capacity for the years 1951, 1952, and 1953 were $4,090, $4,570, and $5,744, respectively. The record reveals further that plaintiff consulted a lawyer of the Lake Charles Bar as to his legal rights and also consulted about the matter with Mr. Garland Mahaffey, General Manager for the employer of plaintiff. During the year 1953, plaintiff was transferred from the parts department to the used car department where he sold used cars on a commission and received a base salary, *420 that in 1953, plaintiff made more money than in 1951 and 1952. That in December, 1953, plaintiff was taken off of his salary and placed on a strict commission basis. Plaintiff refused to accept the arrangement whereby he was to receive commission only and terminated his employment with defendant.”
In the case of Abshire v. Cities Service Refining Corporation, 50 So.2d 307, 308, the Court of Appeal, First Circuit, sustained pleas of prescription of one and two years and outlined the law applicable to a case as the Court now has under consideration, to-wit:
“ ‘The jurisprudence of this State has been established to the effect that if an injured employee continued to work for and to receive regular wages from the same employer after the injury is sustained, the prescription of one or two years, as provided by Section 31 of Act 20 of 1914, as amended, LSA-R.S. 23:1209, will begin to run from the date of the accident unless it is established that the payment of wages after the accident was in lieu of or in the nature of compensation and therefore had the legal effect of interrupting prescription. Thornton v. E. I. Dupont De Nemours & Co., 207 La. 239, 21 So.2d 46; D’Antoni v. Employers’ Liability Assur. Corp., Ltd., 213 La. 67, 34 So.2d 378; Carlino v. United States Fidelity & Guaranty Co., 196 La. 400, 199 So. 228; Arnold v. Solvay Process Co., 207 La. 8, 20 So.2d 407; Michel v. Maryland Casualty Co., (La.App.) 33 So.2d 144; Walker v. Mansfield Hardwood Lumber Co., (La.App.) 35 So.2d 610.’ ”
Applying the law cited above, the Court is of the opinion that plaintiff was actually working for the wages paid to him and that the payments made to him were not in lieu of compensation; the agreed stipulation of counsel shows that the wages of plaintiff varied considerably during 1951, 1952, and 1953.
The Court concludes that the pleas of prescription of one and two years are good, and accordingly, for the written reasons assigned, the pleas of prescription of one and two years are maintained, and judgment is hereby rendered in favor of defendants, Ed. Taussig, Inc., and Travelers Indemnity Company, rejecting the demands of plaintiff and dismissing his suit at his costs.”
The record amply supports the factual findings of the trial judge and we believe, as did the Lower Court, that under the circumstances, the holding of the Abshire case cited supra and the case of Cradeur v. Louisiana Highway Commission, La. App., 52 So.2d 601 and cases therein cited are controlling.
Furthermore, plaintiff admitted that prior to the accident he was drawing a base wage, a dividend or bonus, and a commission but after the accident, when he was employed as a parts salesman in the main establishment, he drew only a base wage and a dividend or bonus but later when he was transferred from the parts department to the car department, where he sold new and used cars, he received a base wage, commission and bonus again. We are of the firm opinion from the facts as found in this record, that the wages paid to plaintiff, after July 3, 1950, the date of the accident, were actually earned by him, that the wages so paid were commensurate with the services rendered and work performed by him; that such wages were not gratuity or in the nature of or in lieu of compensation, that plaintiff was not assigned to lighter duties after the accident at the same pay but that the pay was commensurate with the services, that his employer did not mislead or lull him into a sense of false security, that plaintiff at any time during the period of one year following the date of the accident could have instituted and maintained an action for compensation and that such action would not have been subject to dismissal on a plea of prematurity. We conclude, therefore, that the payment of *421 wages after the accident in this case did not interrupt the running of prescription.
The accident occurred on July 3, 1950 and this suit was filed on April 21, 1954, nearly four years after the accident, therefore, according to LSA-R.S. 23:1209 the pleas of prescription of one and two years are good.
Finding no manifest error in the judgment appealed from the same is hereby affirmed.
Judgment affirmed.