REID, Judge.
This is an appeal from a judgment of the Lower Court sustaining an Exception of Prescription filed on behalf of the defendant. Plaintiff’s suit was filed on June 18, 1964 for Workman’s Compensation Benefits allegedly due as a result of an accident which occurred on July 7, 1957.
Plaintiff was employed by defendant on October 23, 1955. He worked as a cement truck driver and worked at that job until he was injured on July 7, 1957. As a result of this injury he was paid weekly workman’s compensation benefits and medical benefits, for a total of $1540.00. The compensation benefits ran from July 7, 1957, the date ■ of the accident, through May 10, 1958.
Subsequent to that date, on May 11, 1958 plaintiff returned to work for defendant, was reclassified and given the job of dispatcher, effective May 11, 1958. The plaintiff’s hourly rate of pay was changed from that of a cement truck driver to the hourly rate of dispatcher. Plaintiff worked under this classification until his discharge, and this resulting suit.
Plaintiff’s wages as a cement truck driver were $1.36 pér hour for a minimum of sixty hours per week. As a dispatcher plaintiff’s hourly wage was $1.78 per hour for a forty hour week. Plaintiff’s duties as a dispatcher were lighter than his duties as a cement truck driver and he seems to have performed his work well for he received several salary increases. The first raise was from $1.78 per hour to $1.86, second from $1.86 to $1.92, and third from $1.92 to $2.00 an hour. On December 27, 1963 plaintiff was discharged, and bn June 18, 1964 this suit was filed seeking workman’s compensation, as a result of the accident occurring on July 7, 1957. Defendant filed peremptory exceptions of prescription on the grounds of one and two years under LRS 23:1209. These exceptions were sustained by the Trial Judge and plaintiff’s suit dismissed at plaintiff’s costs on September 28, 1964. Plaintiff then appealed in forma pauperis to this Court from this judgment sustaining the exception.
The above facts are testified to by witnesses for the defendant and are not disputed. The case' revolves around' the question of interruption of prescription by the payment of wages in lieu' of compensation and an agreement by which defendant Halliburton Company paid to the plaintiff $500.00, the substance of which agreement was that the plaintiff continued to work for Halliburton and the payment of this $500.00 was taken and accepted without a waiver of any of the rights of either the plaintiff or defendant as to the issue of workman’s compensation.
Plaintiff contends that the payment of the regular wages as a dispatcher was a payment in lieu of. compensation and was sufficient to interrupt the running of prescription. He cites several cases on this question of law including Stiles v. International Paper Company, La.App., 39 So.2d 635; Carpenter v. E. I. Dupont De Nemours and Co., La.App., 194 So. 99; Scalise v. Liberty Mutual Insurance Company, La.App., 84 So.2d 88; Rimbolt v. City of New Orleans, La.App., 150 So.2d 871.
*586 These cases do hold that payment of wages in lieu of compensation where a man was doing lesser work interrupts the prescription. However, we do not think these cases, with which we have no quarrel, fit the facts in this case.
The facts show conclusively that the plaintiff was employed after this accident as a dispatcher, it was lighter work, and that he earned his wages as a dispatcher. In fact, he performed his labors so well that he was given three raises.
This brings up another proposition of law which is contended for by the defendant, and which we think is the real issue in the case. In the Barnes v. Ed Taussig, Inc., La.App., 78 So.2d 418 case plaintiff was injured in 1950 while employed as an auto parts salesman and his job required the driving of a panel truck. He was injured and allegedly totally and permanently disabled and could not perform the duties as heretofore. He was reclassified and given a job as parts salesman in the same establishment of his employer. This job entailed lighter work and he was finally transferred from the parts department to the used car department. In 1963 he was taken off a salary and placed on a strict commission, however, plaintiff refused to accept this arrangement and his employment terminated. Suit was filed on April 21, 1954 and plaintiff contends that the suit was brought within one year from date of his discharge and was timely filed. Proper exceptions of prescription were filed and this Court sustained the said pleadings.
“(1) In the case of Abshire v. Cities Service Refining Corporation, 50 So.2d 307, 308, the Court of Appeal, First Circuit sustained pleas of prescription of one and two years and outlined the law applicable to a case as the Court now has under consideration, to-wit:
“ 'The jurisprudence of this State has been established to the effect that if an injured employee continued to work for and to receive regular wages from the same employer after the injury is sustained, the prescription of one or two years, as provided by Section 31 of Act 20 of 1914 as amended, LSA-R.S. 23 :1209, will begin to run from the date of the accident unless it is established that the payment of wages after the accident was in lieu of or in the nature of compensation and therefore had the legal effect of interrupting prescription. Thornton v. E. I. Dupont De Nemours & Co., 207 La. 239, 21 So.2d 46; D’Antoni v. Employers’ Liability Assur. Corp., Ltd., 213 La. 67, 34 So.2d 378; Carlino v. United States Fidelity & Guaranty Co., 196 La. 400, 199 So. 228; Arnold v. Solvay Process Co., 207 La. 8, 20 So. 2d 407; Michel v. Maryland Casualty Co., (La.App.) 33 So.2d 144; Walker v. Mansfield Hardwood Lumber Co., (La.App.) 35 So.2d 610.’ ”
“(2) Applying the law cited above, the Court is of the opinion that plaintiff was actually working for the wages paid to him and that the payments made to him were not in lieu of compensation; that agreed stipulation of counsel shows that the wages of plaintiff varied considerably during 1951, 1952, and 1953.”
This Court then affirmed the judgment of the Lower Court sustaining the pleas of prescription.
See also Murray v. Royal Indemnity Company, La.App., 94 So.2d 690.
This proposition of law has been decided by other Courts, and in particular the Court of Appeal, Third Circuit, in the case of Occhipinti v. Marquette Casualty Company, 158 So.2d 389 in which it was held that the wages paid to the plaintiff were fully earned by him even though plaintiff’s injury resulted in him being permanently and totally disabled as a result of the injury.
*587 “Although the claimant’s duties were thus shifted in emphasis, the record indicates, as the trial court found, that the plaintiff fully earned all wages paid to him. Although an employer may be allowed credit for the continued payment of wages which subsequent to an express or implied agreement are paid in lieu of compensation (see summary in Fruge v. Hub City Iron Works, Inc., La.App. 3rd Cir., 131 So.2d 593), the jurisprudence is now settled that an employer or insurer is not entitled to credit against compensation liability, for wages which are fully earned by the disabled employee. Madison v. American Sugar Refining Company, 243 La. 408, 144 So.2d 377; Lindsey v. Continental Casualty Co., 242 La. 694, 138 So.2d 543.”
Plaintiff further contends that the payment of the $500.00 additional to apply against the amount due him was an acknowledgment of plaintiff’s injuries and an interruption of prescription and attempted to prove by defendant witness, Mr. Sheets, that this was only a partial payment and that there would be more coming to him. Mr. Sheets denied that he made any promise or statement to the plaintiff that he was entitled to receive any more money from the defendant at any time. He stated in fact that they did not even discuss it.
Assuming for the sake of argument that this is a payment on account as workman’s compensation, more than 'one and two years has elapsed since said payment was made in 1960 before this suit was filed, and we do not see how under these circumstances it can be considered as an interruption of prescription.
In fact, the document itself contains the following stipulation:
“It is well understood that neither employee nor Halliburton intend in any manner to waive or change any and all rights each now may have under the Workman’s Compensation Law of the State of Louisiana, Act 20 of 1914 and Amendment.”
The prescriptive period of workman’s compensation claims in suits was set out in LRS 23:1209 as follows: r
“In case of personal injury (including death resulting therefrom) all claims for payment shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter or unless within one year after the accident proceedings have been begun as provided in Parts III and IV of this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment. Also, where the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until the expiration of one year from the time the injury develops, but in all such cases a claim for payment shall be forever barred unless proceedings' have been begun within two years from the date of the accident.”
We believe that the plaintiff received the injury, was paid compensation for a definite period and then was re-employed, reclassified and put to work at a job which was lighter in character. We believe that he worked and earned his pay in this job to such an extent that he received three raises. We do not feel that the document signed in 1960 on April 18th, was an acknowledgment of any indebtedness or any promise to pay any additional compensation. The prescription of one and two years has expired and we are satisfied that the Lower Court was correct in sustaining this plea.
For the foregoing reasons it is ordered that the judgment of the Lower -Court be affirmed.
Affirmed.