**34 So.2d 378**

**D'ANTONI v. EMPLOYERS' LIABILITY ASSUR. CORPORATION, Limited.**

No. 38443.

Feb. 16, 1948.

Fred G. Benton, of Baton Rouge, for applicant.

Durrett & Hardin, of Baton. Rouge, for respondent.

McCALEB, Justice.

This is a suit for workmen's compensation. Plaintiff alleges that, while in the employ of the Department of Public Safety, Division of State Police, as a motorcycle policeman, he sustained severe personal injuries in an accident which occurred on August 30th 1944 and that the nature of his injuries are such that he will be permanently incapacitated from hereafter doing work of a reasonable character. He asserts that he has been furnished medical care and treatment by the defendant company, the compensation insurance carrier of the Department of Public Safety; that it paid him compensation at the rate of $20 per week from September 7th to November 22nd 1944, at which time payments ceased; that, after the discontinuance of compensation by the defendant and while he was still walking with crutches,

he was placed on the payroll of the Department of Public Safety, Division of State Police, in a clerical capacity and received from it his usual wage of $190 per month; that he was permitted to remain in that position until on or about February 15th 1945, at which time he was assigned by his employer to another light job, that of making patrols in automobiles driven by other men and that he has been continuously employed in this capacity to the present time, receiving the same wage paid him prior to the occurrence of the accident. He further avers that, inasmuch as he has not received any compensation payments since November 22, 1944, his employer and its insurer have failed to extend recognition of his claim as a disability claim arising under the compensation laws of this state and that both of them refuse to admit that his injuries are such as to entitle him to the maximum compensation allowed by law for permanent and total disability, refusing "to fix or declare any further liability of any kind to petitioner under the said laws."

The defendant resisted the demand by an exception of prematurity in which it asserted that the petition did not allege that the employer refused to pay the maximum percent of wages to which plaintiff was entitled as required by Subsection 1(B) of Section 18 of the Employers' Liability Act, Act No. 20 of 1914, as amended. Alternatively, it maintained that, if it be found that the averments were sufficient to disclose that the employer had refused to pay compensation, the action was nonetheless premature as such charges were without reasonable cause or foundation in fact.

After a hearing in the District Court, the plea was sustained and plaintiff's suit dismissed. The judge, in a written opinion, expressed the view that, whereas the allegations of the petition were sufficient to comply with the requirements of Subsection 1(B) of Section 18 of the Employers' Liability Act, the evidence produced by the defendant at the hearing exhibited that those allegations were not correct. Plaintiff thereafter appealed to the Court of Appeal, where the judgment was affirmed. He then applied to this court for a writ of review. The writ was granted and the case has been submitted for our determination.

Subsection 1(B) of Section 18 of the Employers' Liability Act, as amended by Act No. 85 of 1926, upon which defendant relies for the dismissal of plaintiff's claim, reads as follows:

"Unless in the verified complaint * * * it is alleged * * * that the employee * * * is not being or has not been paid, and that the employer has refused to pay, the maximum per centum of wages to which petitioner is entitled under the provisions of this act, the presentation of (or) filing of such complaint shall be premature and shall be dismissed; when such allegation is contained in such complaint and is

denied by the employer at the time fixed for the hearing thereunder by the Court, if it be shown that such allegations are without reasonable cause or reasonable foundation in fact, said complaint shall be dismissed; and the question of whether or not such allegation of non-payment is justified under the facts shall be determined by the Court before proceeding with the hearing of the other issues involved."

We are in agreement with the lower courts that plaintiff's petition sufficiently alleges a refusal on the part of the Department of Public Saftey to pay compensation to plaintiff. In Article 11 of the petition, it is averred that no compensation payments of any kind have been received by plaintiff since November 22nd 1944 and, in Article 12, it is charged "that both the said employer and the said insurer refuse to admit that petitioner's injuries are such as entitle petitioner to the maximum compensation allowed under said laws where a permanent and total disability is involved, and otherwise refuse to fix or declare any further liability of any kind to petitioner under the said laws." The sole purpose of the requirement of Subsection 1(B) of Section 18 of the Act is to permit a summary dismissal of any suit where the employer is paying compensation to the employee whether it be in the form of wages or not. But it must be paid and intended as compensation and not in recompense for work actually performed.

On the other hand, we are of the opinion that both courts erred in holding that the evidence of W. D. Atkins (which is the only testimony submitted on the plea of prematurity) exhibits that plaintiff's allegations respecting the refusal of his employer to pay compensation are without foundation in fact. The Court of Appeal, in its opinion, summarizes the evidence of Atkins as follows [28 So.2d 49, 52]:

"Col. Atkins testified that plaintiff was returned to his work and that he at no time made any demand for a claim of disability and that his Department at no time took any action with reference to such claim for the reason that no demand for such was ever made. This witness further testified that upon being returned to his work on November 1, 1944, the plaintiff was assigned to light work because of his injuries until February 1, 1945 when he was assigned to a patrol car for the reason that he was needed in that capacity and not for the reason that he was physically disabled at that time to return to his former duties as a motorcycle policeman. Col. Atkins admits that prior to filing this suit, plaintiff's attorney discussed with him the attitude of the employer with reference to compensation due plaintiff, *but that at that time he informed plaintiff's attorney that he did not have the right to make any commitment on behalf of his Department and that this was a matter to be determined by the Court and that he wanted plaintiff to receive his just dues.*" (Italics ours)

Whereupon, the Court of Appeal concludes:

"From that testimony it does not appear that any formal demand and refusal was ever made."

This resolution, we believe, is not justified by Atkins' testimony. It is at variance with his admission that plaintiff's counsel, prior to the filing of the suit, tried to ascertain his attitude respecting plaintiff's wages (i.e., whether he regarded the payments as compensation or not) and Atkins' refusal to commit the Department by asserting that this was a matter to be determined by the Court.

Obviously, Atkins' attitude that the Court would have to decide the matter can be viewed only as a refusal of the Department, of which he was the head, to pay compensation and this is particularly so when consideration is given to his statement that plaintiff was assigned to a patrol car on February 1, 1945, because he was needed in that capacity and not for the reason that he was physically disabled at that time to return to his former duties as a motorcycle policeman.

The jurisprudence relative to the prosecution by injured employees of claims for further compensation, where they have returned to the service of their former employer in the same or a different capacity, has been settled by this Court in Carlino v. United States Fidelity and Guaranty Co. 196 La. 400, 199 So. 228, and Thorn-

ton v. E. I. DuPont de Nemours & Co. 207 La. 239, 21 So.2d 46. If the employee is actually earning the wages paid him, his suit cannot be dismissed on a plea of prematurity forasmuch as he is not receiving compensation. Such is the case here according to Atkins' testimony. Conversely, if it is shown on the trial of the plea that the wages being paid the employee are in reality a gratuity and not for the performance of work, then the action will be dismissed as premature—for, in such instance, the payment of the wage is the equivalent to the payment of compensation.

In the instant case, the Court of Appeal has taken a most narrow and technical view of Subsection 1(B) of Section 18 of the Employers' Liability Act. The opinion reflects the belief of the Court that, in order for an employee to prevent dismissal of his suit on the ground of prematurity, he must show that he has made formal demand on his employer for compensation and that the latter has formally refused. But the statute does not require a demand, formal or otherwise, by the employee and there is nothing contained in our decision in Hall v. Hillyer-Edwards-Fuller, Inc. 187 La. 959, 175 So. 633 (cited and relied upon by the Court of Appeal), which justifies a contrary view. Albeit, the act merely prescribes that the employee allege that he is not being paid compensation and that the employer has refused to pay. And, in Thornton v. E. I. DuPont

de Nemours & Co., supra, the court held that an allegation that the employee was not being paid compensation substantially complied with the provisions of the section, even though it was not specifically charged that the employer had refused to pay.

Again, in the very recent case of Washington v. Independent Ice and Cold Storage Co., 211 La. 690, 30 So.2d 758, 761, the defendants, among other things, sought to have plaintiff's claim dismissed as premature because, when the suit was filed on October 5, 1945, there was no compensation due him as he had been paid through October 11th. We rejected this contention on the ground that, since the plaintiff had been informed by the defendants that payments of compensation would be limited to 150 weeks (loss of an arm) he was "entitled to have determined immediately upon being informed he was not entitled to receive any more compensation the extent of his disability and his right to further compensation."

The judgments of the District Court and Court of Appeal for the First Circuit are annulled and set aside and the case is remanded to the Nineteenth Judicial District Court for the Parish of East Baton Rouge for further proceedings in accordance with law and not inconsistent with the views herein expressed. The costs of this Court and those of the Court of Appeal of the First Circuit are to be paid by the defendant, Employers' Liability Assurance Corporation, Ltd. All other costs are to await final determination of the cause.

O'NIELL, Chief Justice, absent.