BOLIN, Judge.
Plaintiff appeals from judgment sustaining a plea of prematurity leveled at his petition for total and permanent disability benefits under the Louisiana Workmen’s Compensation Statute.
George Rhodes was injured on July 22, 1961, while working for Texas Motor Exchange of Shreveport, whose compensation insurer was Insurance Company of North America. For the sake of clarity we shall *401 hereafter refer to defendants in the singular. Defendant insurance company paid Rhodes weekly compensation at the maximum rate from the date of his injuries until January 22, 1963. Thereafter, weekly payments were reduced to $10 per week at which rate he was paid for three weeks, following which compensation payments were discontinued.
On March 4, 1963, plaintiff’s attorney wrote a letter to defendant insurance company outlining plaintiff’s claim and concluded :
“We feel that our client should be paid compensation based on total permanent disability. The facts pertaining to his injury are exactly the same as those in the case of Hunter vs. Continental Casualty Co. [La.App.], 126 So.2d 394 (2nd Cir. 1961). We believe that your failure to pay him compensation based on total permanent disability is arbitrary, capricious and without probable cause. If, within ten days from the date of this letter, you have not brought the past payments up to date on the basis of total and permanent disability, and if you fail to pay him $35.00 per week in the future, it will be necessary for us to file suit for compensation and for statutory penalties and attorney’s fees.”
The case was submitted on an agreed stipulation of facts which included copies of several medical reports. It is necessary to comment on certain portions of this stipulation. Plaintiff was re-examined on November 21, 1962, by Dr. E. C. Simonton, orthopedist of Shreveport. His medical report was promptly mailed to defendant and concluded as follows:
“This man has pain in areas which would be expected with an increase in activity. X-rays this date show no disturbance of the graft and I do not feel that area is the source of his pain, but rather an increase in motion in joints above and the appearance of muscular pain with increased activity. That should subside over a period of weeks. He may maintain sufficient residual pain to be unable to pursue steady work at the occupation he previously performed. “I would estimate permanent partial disability at 15 per cent.” (Emphasis added.)
It was on the basis of this report from Dr. Simonton that defendant, some eight weeks later, reduced the compensation payments from $35 to $10 weekly. It claims the doctor’s final estimation of only a 15% permanent partial disability justified such a reduction.
On February 22, 1963, defendant received a medical report from Dr. Willis Taylor, orthopedist of Shreveport, in which he concluded:
“In my opinion, this patient’s residual partial permanent disability does not exceed 15% of the body as a whole and does not prevent his resumption of employment, as previously stated, he should begin light work, gradually conditioning himself, increasing the weight and scope of his duties.”
After receiving the report from Dr. Taylor, defendant discontinued payment of compensation altogether, until March 12, 1963. It was during this period, on March 4, 1963, that plaintiff’s attorneys made their written demand on defendant. On March 8, 1963, defendant made a payment of $20 intended as payment of the two past due installments of $10 each which had been discontinued following Dr. Taylor’s report. On March 11, 1963, a payment of $35 was made. Although the dates of these payments were different it is conceded they were received by attorneys for plaintiff on the same day, March 13, 1963.
On March 12, 1963, Dr. Simonton dictated a report which was typed and sent to defendant insurance company on March 13, 1963, reflecting plaintiff had developed a crack in the graft between the 4th and 5th vertebrae, which would require major surgery to effect recovery.
*402 On March 15, 1963, the present suit was filed. Thereafter, defendant issued a check dated March 18, 1963, in the sum of $35 and another check dated March 20, 1963, in the sum of $125, both of which were received by plaintiff’s attorneys on March 22, 1963. It was stipulated that the payment of $125 was to cover the difference between $10 per week and $35 per week for the five weeks’ period during which plaintiff was paid compensation at the rate of $10 per week.
Service of the suit was made upon defendant, Texas Motor Exchange, Inc., the employer, on March 20, 1963, and service was made on defendant, Insurance Company of North America, through the Secretary of .State of Louisiana, on March 21, 1963. Subsequent to the resumption of payments referred to above defendant Insurance Company of North America has issued and delivered to plaintiff its weekly drafts at the rate of $35 and has been making said payments regularly.
Defendant contends it was acting on competent medical advice from Dr. Simonton when it reduced the compensation payments for a period of three weeks from $35 to $10; and that it was likewise justified in discontinuing the compensation payments for two weeks based on Dr. Taylor’s report of February 22, 1963. Under these facts, it urges the failure to pay plaintiff compensation at the maximum rate for a period of five weeks was based upon competent medical advice and that as soon as Dr. Simonton’s report of March 12, 1963, was received it resumed maximum payments within a reasonable time. Counsel, therefore, says the case falls squarely under the principles enunciated in the cases of Dawson v. Barber Bros. Contracting Co. (La.App. 1 Cir. 1940) 195 So. 46; Fontenot v. Cox (La.App. 1 Cir. 1953) 68 So.2d 656; Glover v. Schuylkill Products Company (La.App. 1 Cir. 1962) 138 So.2d 15; Pea v. Hardware Mutual Casualty Company (La.App. 2 Cir. 1962) 147 So.2d 472; Marshall v. Aetna Insurance Company (La.App. 2 Cir. 1963) 154 So2d 263.
Appellant’s position is that the facts of the instant case make inapplicable the rules enunciated in the cited cases. He urges that when Dr. Simonton’s report of November 14, 1962, is interpreted in light of the jurisprudence of this state the employee was stated to be totally and permanently disabled and, therefore, defendant’s reduction of compensation payments from $35 to $10 per week based on such letter was not action consistent with the medical advice received.
We agree with appellant’s position. Defendant was not justified in reducing plaintiff’s compensation payments based on Dr. Simonton’s letter for he clearly stated therein that the injured employee was then “unable to pursue steady work at the occupation he previously performed.”
While the report rendered by Dr. Taylor is not, in itself, relevant to the issue, we likewise point out defendant was not justified in discontinuing compensation payments altogether based on his letter. He concluded plaintiff had partial permanent disability of at least 15% and that he was able to resume light work. Therefore, we find defendant was unjustified in reducing the compensation payments for a period of three weeks to the sum of $10 per week and in discontinuing them altogether for an additional two weeks based on the reports of Dr. Simonton and Dr. Taylor.
Having decided this case is not one where an employer discontinues or reduces compensation payments based on competent medical advice and then resumes paying the correct amount within a reasonable time after being notified to the contrary, we are confronted with the situation where an employer fails to timely pay an employee past due compensation after a demand has been made therefor. In other words, at the time plaintiff’s attorneys made demand upon defendant, it owed plaintiff past due compensation for the difference between the partial disability payments he had received and the maximum rate to which he was entitled. It never tendered or offered to *403 pay him this amount until after suit was filed. No citation of authority is necessary to show that such an offer or tender was too late and plaintiff was not required to accept it. We, therefore, conclude defendant’s plea of prematurity was incorrectly sustained because his employer had refused “to pay, the maximum per cent of wages to which petitioner is [was] entitled” pursuant to LSA-R.S. 23:1314.
For the reasons assigned the judgment appealed from is annulled and set aside and the case is remanded to the lower court for further proceedings consistent with law and the views expressed herein. The cost of this appeal is assessed against defendant, all other costs to await the final determination of the case.
Annulled and remanded.