BOLIN, Judge.
When this workmen's compensation case was before us previously we reversed the lower court ruling sustaining a plea of prematurity and remanded the case for trial on the merits. [159 So.2d 400.]
Following trial judgment was rendered against defendants, Texas Motor Exchange, Inc., and Insurance Company of North America, and in favor of plaintiff for total and permanent disability, plus penalties, attorney’s fees, medical expenses and costs. Judgment was predicated upon the admission of liability in defendants’ answer and upon a finding the insurance company was arbitrary, capricious and without probable cause in reducing plaintiff’s compensation payments from $35 to $10 per week.
Defendant insurance company, having admitted in the answer that at time of trial plaintiff was entitled to the maximum weekly compensation, appeals only from that portion of the judgment awarding penalties and attorney’s fees. Plaintiff answered the appeal and asks that the judgment be amended by increasing the attorney’s fees from $1500 to $4000 and that expert witness fees be fixed and taxed as costs.
The case was tried principally on the pleadings and an agreed stipulation of facts; however, plaintiff testified briefly as to his medical expense; plaintiff’s attorney testified to a conversation with defendant’s adjuster during which the latter purportedly stated payments were to be resumed at the rate of $10 per week; and Dr. Simonton was called to testify in explanation of his report of November 21, 1962, to the effect that he “did not mean that plaintiff could return to work at his previous occupation at that time.”
In our previous opinion we commented rather extensively upon the stipulation of facts upon which the issue of prematurity was submitted and upon which this trial was had. We concluded defendant was not justified in reducing plaintiff’s compensation payments based on Dr. Simon-ton’s report, in the light of the contents of that letter and in the light of the subsequent medical report, dated March 12, 1963, and that the proof supported the allegation the employer had “refused to pay the maximum per cent of wages to which petitioner is (was) entitled pursuant to Louisiana Revised Statutes 23:1314.”
We are now confronted with the question of whether or not actions of defendant in reducing compensation for three weeks and in failing to pay for two weeks based on Dr. Simonton’s report of November 21, 1962, was arbitrary, capricious and without reasonable cause. Defendant resumed payments of $35 per week on March 18, 1963, after receipt of the report of March 12, 1963, wherein Dr. Simonton reported he had found that plaintiff had developed a crack in the graft between the 4th and 5th vertebrae, which would require major surgery to effect recovery.
We no longer have the question of prematurity under LSA-Revised Statutes 23 1314; rather we are concerned with the possible application of the penalty provisions of LSA-Revised Statutes 22:658 to the facts of this case. The pertinent portion of that statute provides:
“All insurers issuing any type of contract other than those specified in R.S. 22:656 and 22:657 shall pay the amount of any claim due any insured including any employee under Chapter 10 of Title 23 of the Revised Statutes of 1950 within sixty days after receipt of satisfactory proofs of loss from the insured, employee or any party in interest. Failure to make such payment within sixty days after receipt of such proofs and demand therefor, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of 12% damages on the total amount of the loss, payable to the insured, or to any of said employees, together with all rea *197 sonable attorney’s fees for the prosecution and collection of such loss, or in the event a partial payment or tender has been made, 12% of the difference between the amount paid or tendered and the amount found to be due and all reasonable attorney’s fees for the prosecution and collection of such amount. * * * ” (Emphasis added.)
We take cognizance of the jurisprudence to the effect that where the insurance company has denied liability the employee is not bound to wait 60 days before filing suit; that if the defendant insurance company denies all liability in its answer to the suit, even if filed prior to the expiration of 60 days, the court may award penalties if it finds such denial was without reasonable cause; but that if demand has been made and there has been no denial of liability then 60 days must elapse from date of demand before penalties may be awarded.
However, assuming but not deciding that the demand was made and liability was denied, we apprehend the present issue to be whether all the transactions of defendant viewed together amounted to arbitrary and capricious action on the part of defendant so as to invoke the penalty provisions of the statute quoted supra
We conclude, after thorough re-examination of all the facts, the chronology of events, the admission of liability and the bringing up to date of all payments due plaintiff within a period of nine days after the report of March 12, 1963, that defendant was in good faith and was not arbitrary and capricious.
Although we have decided defendant was not legally justified in reducing and discontinuing compensation, in reliance on Dr. Simonton’s November report, nevertheless the incorrectness of that action was not actually apparent to defendant insurance company until after receipt of the March 12, 1963, report wherein the cracked graft was found. Within nine days after suit was filed and within less than 60 days from date of demand, defendant was current in its payments of maximum- compensation. Further, defendants admitted liability in the plea of prematurity filed March 28, 1963. Under these circumstances we find no indication of willful, capricious or arbitrary action on the part of defendant. (See Chase v. Warren Petroleum Corp. [La.App., 2 Cir., 1964] 168 So.2d 861.)
Accordingly, the judgment of the lower court is amended so as to reject plaintiff’s demands for penalties and attorney’s fees and in all other respects is affirmed. Costs of the lower court are assessed against defendants and costs of this appeal are to be paid by plaintiff.
Amended and affirmed.