BOLIN, Judge.
While working as an electrician plaintiff was injured. He sued his employer and its insurer for total and permanent disability benefits, penalties and attorney’s fees under the Louisiana Workmen’s Compensation Act. At the beginning of trial total and permanent disability was conceded and as a consequence the only issue litigated was whether defendant insurance company was arbitrary and capricious in reducing compensation payments from $35.00 to $10.00 per week for approximately two weeks. From judgment adverse to plaintiff on this issue he appeals.
Plaintiff was injured in May, 1966, and was paid maximum compensation thereafter until defendant insurer reduced the weekly payments due on November 2nd and 9th to $10.00 each. Suit was filed on November 7th and on November 17th defendant issued a check for $50.00, in order to bring compensation payments up to date, and resumed making weekly payments at the maximum rate. The sole issue is whether reduction for this period justifies judgment in plaintiff’s favor for penalties and attorney’s fees.
The adjuster who investigated the accident testified he learned from plaintiff’s attorney the employee had returned to work in a supervisory capacity at his regular salary. When the adjuster conveyed this information to defendant’s attorney in Shreveport he failed to impress upon the attorney that plaintiff had not returned to work for his former employer. Based on the information that plaintiff had returned to work at his regular salary defendant’s attorney advised the adjuster it was unnecessary to pay the employee maximum *196 weekly compensation benefits and payments were reduced from $35.00 to $10.00 per week. Very soon after this reduction plaintiff’s attorney contacted the adjuster and advised him it was his opinion the reduction was illegal. However, the attorneys for plaintiff and defendant were not in contact with each other until after suit was filed, at which time defendant’s attorney learned of the misunderstanding.
Two recent opinions of this Court are relevant to the issue presented. In Chase v. Warren Petroleum Corporation, 168 So. 2d 861 (La.App. 2 Cir. 1964) there appears the following statement:
“Penalties are stricti juris and should be enforced only in those instances in which the facts clearly negate good faith and just cause in connection with the refusal of the allowance of compensation;” (thereafter follows citation of several cases).
We think our decision in Rhodes v. Insurance Company of North America et al. (La.App. 2 Cir. 1965, writs denied) 174 So.2d 195 is controlling in the instant case. We there held the insurer was not legally justified in reducing and discontinuing compensation in reliance on the doctor’s report; nevertheless, since the company became current in payment of maximum compensation within 9 days after suit was filed and within less than 60 days from date of demand, the insurer was not guilty of capricious and arbitrary action and was not liable for penalties and attorney’s fees under La. R.S. 22:658.
We are convinced the reduction of payments was directly attributable to the misunderstanding on the part of defendant’s attorney who was under the impression plaintiff had returned to work for his former employer and was being paid full-time unearned wages. However, after discovering plaintiff’s employment was not with his employer at the time of the accident, counsel for defendant contacted plaintiff’s attorney advising payment would be made immediately for the deficiency in the two payments, amounting to $50.00, and thereafter payments would be continued at the maximum rate. Under the foregoing facts the insurer’s actions were neither arbitrary nor capricious.
For the reasons assigned the judgment of the lower court is affirmed at appellant’s cost.
Affirmed.