SAVOY, Judge.
The plaintiff filed a suit for workmen’s compensation benefits, penalties and attorney’s fees against his employer and his employer’s insurer. The defendant filed a plea of prematurity which was maintained by the district judge, and plaintiff’s suit was dismissed. This appeal followed.
While in the course of employment, plaintiff was injured on August 24, 1966. He was paid compensation from the date of the accident- through November 5, 1966. Defendant stopped making payments after November 5, 1966, because of a medical report by Dr. T. E. Banks, orthopedist, dated October 24, 1966, wherein the defendant insurer was advised that plaintiff could report to his employer for work on November 8, 1966. Dr. Banks re-examined plaintiff a second time on January 11, 1967, and sent his report to the insurer on January 16, 1967, wherein he stated that plaintiff was disabled from returning to his former employment at the present time and was requested to return to the doctor’s office in three weeks. On February 1st and February 10th, 1967, counsel for plaintiff made requests for payment. Suit was filed on March 7, 1967. On March 8, 1967, defendant insurer mailed compensation payments from November 6, 1966, through March 4, 1967. •
The trial court sustained the plea of prematurity upon its finding that compensation was being paid at the time of the hearing, even though not tendered until after suit, so that a judgment ordering Aetna to pay would be useless and vain. In so holding, our trial brother relied upon the jurisprudence under LSA-R.S. 22:658, to the effect that tender or resumption of compensation payments due within sixty days after demand will exculpate an insurer or employer from liability for arbitrary and capricious penalties under the cited statute. Redding v. Cade (La.App., 3 Cir., 1963), 158 So.2d 880.
However, this holding overlooks the jurisprudence under LSA-R.S. 23 :1314 to the effect that a petition for workmen’s compensation is premature only if the employer proves that it is paying compensation at the time of demand or that its failure to do so is reasonably excused. Rhodes v. Insurance Company of North America (La.App., 2 Cir., 1963), 159 So.2d 400, (compensation brought up to date about two weeks after plaintiff’s first demand for the arrears); Boss v. Marquette Casualty Company (La.App., 3 Cir., 1963), 150 So.2d 67 (cert. den.); Davis v. W. Horace Williams Co. *573 (La.App., 1 Cir., 1942), 6 So.2d 168, (suit filed a week after compensation stopped). See Malone, Louisiana Workmen’s Compensation, Section 383 at pages 489-91. See also Dugas v. Houston Contracting Company (La.App., 3 Cir., 1966), 191 So.2d 178.
Irrespective of the claimant’s right to penalties, when the payment of compensation to an employee is terminated and not resumed upon his demand, an employee is entitled to obtain a judicial determination of his entitlement to compensation and the extent of his disability, D’Antoni v. Employers’ Liability Assur. Corp., 213 La. 67, 34 So.2d 378, without being forced to file and dismiss suit each time the employer’s insurer stops payment, Boss v. Marquette Casualty Company, supra.
Accordingly, the judgment of the trial court sustaining the defendants’ plea of prematurity is reversed, and the suit is remanded for further proceedings not inconsistent with the views expressed herein.
Reversed and remanded.