241 So.2d 911

The **SUPERIOR OIL COMPANY**

v.

**HUMBLE OIL AND REFINING COMPANY, Inc. and the California Company.**

No. 50206.

Nov. 9, 1970.

Dissenting Opinion Nov. 20, 1970.

Rehearing Denied Dec. 15, 1970.

McCloskey, Dennery & Page, Joseph McCloskey, J. William Vaudry, Jr., New Orleans, Barham, Wright, Barham & Dawkins, Charles E. Barham, Ruston, for plaintiff-appellant.

Bernard J. Caillouet, New Orleans, Lancelot P. Olinde, Edward de la Garza, Milling, Saal, Benson, Woodward & Hillyer, Lawrence K. Benson, John C. Christian, New Orleans, for defendants-appellees.

HAMITER, Chief Justice.

The Superior Oil Company seeks a monied judgment herein in the sum of $116,966.24, with interest, against Humble Oil and Refining Company and Chevron Oil Company (formerly The California Company). The suit involves the interpretation of a joint contract and a contemporaneously executed letter agreement (both signed on June 2, 1960) under which the Mrs. C. B. Hernandez No. 1 well in Acadia Parish was drilled and developed.

Without an answer having been filed by the defendants, and without a trial on the merits resolving the dispute over the contract and the letter provisions, the trial judge dismissed the action on an exception of lack of jurisdiction over the subject matter and also on pleas of prematurity, the latter being based on the failure of plaintiff to first seek to have the cost allocable by the Commissioner of Conservation respecting the two sands encountered during the drilling of the well.

The Court of Appeal, concluding "the Commissioner of Conservation has no jurisdiction primary or otherwise to determine this controversy which involves a contractual dispute between the parties", overruled the exceptions of lack of jurisdiction. That court, however, under the prematurity pleas interpreted the contract and letter agreement, and it dismissed plaintiff's suit. The Superior Oil Company v. Humble Oil and Refining Company, La. App., 226 So.2d 565.

We granted this application on the contention of the Superior Oil Company that the court's interpretation of the contract dispute between the parties on the pleas of prematurity (if allowed to stand) will

have the effect of res judicata in any subsequent suit it may bring to have its share of the well costs adjusted under the contract provisions once they have been determined by the Commissioner of Conservation, despite the fact its suit was dismissed by the Court of Appeal "without prejudice at plaintiff's cost." The Superior Oil Company v. Humble Oil and Refining Company, 255 La. 233, 230 So.2d 89.

There is unquestionably a serious and irreconcilable divergence of opinions between the parties as to their rights under the contract and the letter agreement of June 2, 1960, the terms of which need not be set out here in view of our appreciation of the case. This can only be resolved on the application of legal precepts and principles governing the interpretation of contracts, after a trial on the merits, during which all pertinent facts touching on the intent of the parties as reflected by their actions are shown.

Inasmuch as this is, thus, a contract dispute pure and simple which the Commissioner cannot resolve in a cost dispute (should one develop after the rights of the parties under the contract and letter agreement have been determined following a trial on the merits) we hold that the pleas of prematurity are unfounded and will have to be overruled.

For the reasons assigned the judgment of the Court of Appeal is annulled and set aside, the pleas of prematurity are overruled, and the case is remanded to the district court for a trial on the merits. Costs relative to the prematurity pleas are assessed against the defendants. All others shall await the final determination of the litigation.

BARHAM, J., concurs.

SANDERS, Justice (dissenting).

The majority holds that since the Court must interpret the contract, the case must be tried on the merits rather than disposed of on the dilatory exception of prematurity. The holding, in my opinion, is unsound.

Article 930 of the Louisiana Code of Civil Procedure provides:

"On the trial of the dilatory exception, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition."

At the hearing on the dilatory exception, the parties offered evidence. It consisted both of testimony and an admission of fact and genuineness of documents. The contract between the parties was included among the documents admitted in evidence.

Since the contract is in evidence and relevant to the question of prematurity, it must be considered by the Court in ruling on the exception. LSA–C.C.P. Art. 930. See Sugar Field Oil Co. v. Carter, 207 La.

453, 21 So.2d 495; D'Antoni v. Employers' Liability Assur. Corp., 213 La. 67, 34 So. 2d 378. The majority, in my opinion, is in error in referring this matter to the merits. I express no opinion at this time as to whether or not the exception of prematurity is well founded.

For the reasons assigned, I respectfully dissent.

TATE, Justice.

I respectfully dissent.

The majority refuses to consider evidence properly submitted for trial of the exception. I respectfully suggest that this view overlooks the purpose and availability of the dilatory exception urging the objection of prematurity as a threshold device for terminating litigation when, under no evidence admissible, can trial on the merits result in judgment for the plaintiff —to terminate litigation not yet ripe for judgment.

A brief recapitulation of the issues may demonstrate this.

The court of appeal sustained an exception urging an exception of prematurity. 226 So.2d 565. In doing so, it construed the contract between the parties as requiring, first, a determination by the commissioner of conservation of the total well costs applicable to each of two sands. Only after that is done, as the court of appeal interprets the contract, is it possible to determine how much, if any, is Superior entitled to recover from Humble by the monied judgment sought.

This court's majority, however, refuses to construe the contract or to consider these contentions. We say that to do so will make the commissioner's determination of well costs res judicata in any subsequent suit between the parties. We say this deprives the plaintiff Superior of its opportunity to litigate on the merits its contention that, under the contract between the parties, surface acreage (not commissioner-determined well costs) is the proper measure of reimbursement.

The court of appeal may have construed the contract incorrectly. For that reason, or some other, the present suit may not be premature. We do not so hold, however. We remand.

Superior loses no right of review if the courts consider the contract now and interpret it to see if the present action is in fact premature. Superior has direct review of any trial holding so interpreting the contract, by appeal to the court of appeal and by writ of review to this court.

If under the contract this action is in fact premature, then our procedural system entitles the defendant to have the action dismissed for such cause.

La.C.C.P. Art. 423 provides: " * * * When an action is brought on an obligation before the right to enforce it has accrued,

the action shall be dismissed as premature, but it may be brought again after this right has accrued."[1]

The defendant has so pleaded by the dilatory exception pleading prematurity, La. C.C.P. Art. 926(1). It has offered evidence to prove this ground for dismissing the suit as premature, as it is entitled to do, La.C.C.P. Art. 930.

Yet we do not consider this evidence. We remand for trial on the merits. But, if the trial court on remand interprets the contract as did the court of appeal before, the action may still be premature and not ripe for enforcement of Superior's demand for a monied judgment.

In failing to consider evidence properly offered on trial of the exception pleading prematurity, we erroneously deny this procedural device its legislatively-intended function to serve as a threshold device to terminate litigation promptly when the action brought is premature, in fact or as a matter of law.

I express no opinion at this time as to whether or not the exception pleading prematurity is well founded, since neither the majority nor myself reach consideration of whether or not, under the contract, the right to enforce the present obligation has accrued.

For the reasons assigned, I respectfully dissent.

SUMMERS, Justice (dissenting).

Without expressing an opinion concerning the interpretation of the controverted contract and letter agreement, I cannot agree that these documents should not be considered at this time as the majority holds. They are properly in evidence on the trial of the exception of prematurity and only by reference to them can the Court correctly ascertain whether the action brought by plaintiff is mature or not. I would, therefore, determine the soundness of the exception of prematurity from these agreements and the other relevant evidence presented at the trial of the exception. I can conceive of no other acceptable approach to a decision of the issue the exception presents. La.Code Civ.Proc. arts. 423, 926(1), 930.

I respectfully dissent.

*On Application for Rehearing*

PER CURIAM.

■ If there is any indication in our original opinion that the contract, letter agreement, and other evidence adduced on the trial of the exception of prematurity could not and should not be considered or

---

1. It may be that the right to enforce the obligation *has* accrued, even though some of the evidence necessary (the commissioner's determination of well costs) is not presently available. The majority does not so hold, however.

that our determination of the lack of merit in the plea of prematurity was reached without considering that evidence, we here specifically repudiate and reject the same. After consideration of the evidence adduced, we are of the opinion that the exceptor has failed to establish on the face of this evidence that the suit is premature in all its facets. The contract and letter agreement contemplate that the parties shall adjust the costs of the well upon the unitization of any sand. Readjustment of costs would occur upon production in and unitization of another sand. The parties are not required to await unitization of all sands before seeking an adjustment of costs on the basis of acres owned in the unit as each sand is encountered, produced, and unitized. We reaffirm our holding that a determination by the Commissioner of Conservation is not required before this suit can be entertained. The exception of prematurity is overruled, and the case is remanded for trial on the merits.

HAMITER, C. J., and HAMLIN, J., concur in the denial of a rehearing.

SANDERS, J., is of the opinion that a rehearing should be granted to consider this case.

SUMMERS, J., dissents with written reasons.

SUMMERS, Justice (dissenting from the refusal to grant a rehearing).

I agree with the conclusion expressed in the Per Curiam that our original opinion was in error in holding that the pleas of prematurity were unfounded without considering the contract, letter agreement and other evidence adduced on the trial of the exception of prematurity.

I now find, however, that by the Per Curiam this Court again commits error equally as grave, for it seeks to change the basis for the original opinion without granting a rehearing and without setting out the facts or law upon which its opinion is based.

Since the Per Curiam purports to decide the plea of prematurity on its merits, I deem it appropriate to state that the pleas of prematurity should be sustained for the reasons assigned by the Court of Appeal. 226 So.2d 565.